THE STATE OF KANSAS, *ex rel.* W. A. Doolittle, *County Attorney of Wabaunsee County,* v. D. R. BRAYMAN.

1. JUSTICE OF THE PEACE; *Limit of Jurisdiction.* The jurisdiction of a justice of the peace is limited in civil actions to the county in which he resides, and for which he has been elected; and where an action is brought before him and service obtained upon one defendant, he has no authority to issue a summons in such action to an officer of another county, there to be served upon another defendant.

2. ——— *Summons to Another County.* The provisions of the civil code authorizing the issuance of a summons to a county other than the one in which the action is brought, are not applicable to proceedings before a justice of the peace.

*Error from Wabaunsee District Court.*

THE opinion states the nature of the action, and the facts. Judgment for the defendant *Brayman,* at the March Term, 1886. *The State* brings the case here.

*A. H. Case,* for plaintiff in error.

*Geo. G. Cornell,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was a proceeding in mandamus, brought by the state, upon the relation of the county attorney of Wabaunsee county, to compel D. R. Brayman, a justice of the peace of that county, to issue a summons in an action instituted before him, to a defendant who resided in Shawnee county. The summons was asked for in an action in which J. F. Limerick & Co. were plaintiffs; and A. W. Miles and Tom E. Guest were defendants, to recover upon a promissory note which A. W. Miles had made and delivered to the Burlington Insurance Company, and which had been indorsed by that company to Tom E. Guest, who had in turn transferred the same to J. F. Limerick & Co. Tom E. Guest was a resident of Wabaunsee county, but A. W. Miles was a *bona fide* resident of Shawnee county. The defendant refused to issue the summons to the sheriff of Shawnee county, claiming that he had no jurisdiction, as a justice of the peace of Wabaunsee county, over a defendant residing outside of such county, and had no authority to issue the summons to any officer of Shawnee county. The district court held that the justice of the peace could not be compelled to issue the summons, and refused a peremptory writ, and the plaintiff seeks here a reversal of that ruling.

The only question presented by the record is, where a right of action exists against two persons living in different counties, and an action is brought before a justice of the peace where one of them resides, and service obtained upon him, whether the justice of the peace can issue a summons to an officer of

another county, and obtain jurisdiction of the defendant residing outside of the county where his court is held. It is not claimed that authority for such a practice is expressly given by the code regulating procedure before justices of the peace. The claim is that the provisions of § 60 of the code of civil procedure, with respect to summoning a co-defendant living outside of the county where the action is brought, is made applicable by the following provision of the justices code:

"The provisions of the act entitled 'An act to establish a code of civil procedure,' which are in their nature applicable to the jurisdiction and proceeding before justices, and in respect to which no special provision is made by statute, are applicable to proceedings before justices of the peace." (Comp. Laws of 1879, ch. 81, § 185.)

This section cannot have the effect claimed; because provisions respecting the commencement of an action and the issuance of summons have been made in the justices code, and these do not harmonize with the provisions in the civil code sought to be applied. In art. 2 of the justices act, full provisions are made for the issuance of summons, and its form, to whom it shall be directed, when it shall be made returnable, and how and by whom it shall be served. Provision is also made for the service of summons upon foreign and domestic corporations, also the manner of service when the defendant is a minor. These provisions are so full as to indicate that the legislature intended to cover the whole ground upon the question of summons. Again, by § 12 of the justices code, the summons must be returnable not more than twelve days from its date, and may be made returnable in three days after its issuance; while by the civil code a summons issued to another county than the one in which the action is brought, must be made returnable in not less than ten days nor more than sixty days from the date thereof. (Civil Code, § 61.) In the justices court the action is triable upon the return-day of the summons. But by the civil code no appearance of the defendant by answer or demurrer is required until twenty days after the return-day of the summons, and the action is not triable before the next succeeding term of court, and not then

unless the issues in the case have been made up ten days before such term. It is apparent that these provisions are inconsistent with each other, and that those in § 60 of the civil code are not in their nature applicable to an action before a justice of the peace. Besides, the jurisdiction of justices of the peace is limited, and therefore cannot be extended beyond the prescribed limits, nor can it be exercised in any other manner nor upon any other terms. There are restrictions not only upon the class and subject-matter of civil actions that may be brought before justices of the peace, but also upon the territorial extent of his jurisdiction. It is provided that "The jurisdiction of justices of the peace in civil actions shall be co-extensive with the county wherein they may have been elected, and wherein they shall reside." (Justices Code, §1.) Being thus limited to his own county, he cannot send a summons to another county, and thus acquire jurisdiction of persons who are beyond the limits of the county where his court is held.

We think the ruling of the district court in disallowing the peremptory writ of mandamus is correct, and its judgment must therefore be affirmed.

All the Justices concurring.