### J. F. LIMERICK, *et al.*, v. E. A. GORHAM, *et al.*

INSURANCE — *Installment Note — Recovery.* An insurance company may recover against a policyholder on an installment note for any premium earned prior to any default of the policy holder in paying the installments, although the policy stipulates "that in case of non-payment of any one of the installments herein named, at maturity, the company shall not be liable for loss during such default, and the policy for which the note is given shall lapse until payment is made to the company."

### *Error from Wabaunsee District Court.*

THE plaintiffs in error commenced an action on January 20, 1886, before a justice of the peace, upon a promissory note, of which the following is a copy, together with all the indorsements thereon, viz.:

"$——. For value received in policy No. 150,005, dated the 7th day of April, 1882, issued by the Burlington Insurance Company, of Burlington, I promise to pay to said company, or order, at their office in Burlington, Iowa, twenty-four dollars, in installments as follows: six dollars and —— cents upon the first day of April, 1883; and six dollars and —— cents upon the first day of April, 1884; and six dollars and —— cents upon the first day of April, 1885; and six dollars and —— cents upon the first day of April, 1886; without interest, if paid when due. And it is hereby agreed that, in case of non-payment of any one of the installments herein named at maturity, this company shall not be liable for loss during such default; and the policy for which this note was

given shall lapse until payment is made to the company in Burlington; and in the event of non-settlement for time expired, as per terms, on short rates, the whole amount of installments remaining unpaid on said policy may be collected.

E. A. GORHAM.
I. E. GORHAM.

"Pay to Tom E. Guest, without recourse.

JOHN G. MILLER, *Pres't.*

"Pay to J. F. Limerick & Co. Collection guaranteed.

TOM E. GUEST."

On January 20, 1886, the justice issued a summons to the sheriff of Wabaunsee county; and also on the same day he issued another summons to the sheriff of Shawnee county. The defendants, E. A. and I. E. Gorham, were served in Shawnee county; and after such service they specially appeared before the justice of the peace, and moved to dismiss the action for want of jurisdiction. This motion was overruled, but they made no other appearance, and judgment was rendered against them. The case was then taken upon proceedings in error to the district court of Wabaunsee county. The district court reversed the ruling of the justice, but held the case for trial upon its merits. Trial had March 27, 1886, before the court without a jury. Judgment was rendered by the court for the defendants. The plaintiffs excepted, and bring the case here.

*A. H. Case,* and *G. G. Cornell,* for plaintiffs in error.

*James J. Hitt,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: In the case of *The State v. Brayman,* it was held that the jurisdiction of a justice of the peace is limited in civil actions to the county in which he resides, and for which he has been elected; and where an action is brought before him, and service obtained upon one defendant, he has no authority to issue a summons in such action to an officer of another county, there to be served upon another defendant; and that the provisions of the civil code authorizing the issuance of a summons to a county other than the one in which

the action is brought, are not applicable to proceedings before a justice of the peace. (35 Kas. 714.)  This disposes of the alleged error of the district court in reversing the decision of the justice of the peace.

After the defendants obtained a judgment of reversal, the court retained the case for trial and final judgment, as in cases of appeal. (Civil Code, § 566.)  To this the defendants took no exception, and subsequently both parties appeared and announced themselves ready for trial.  By agreement of the parties a jury was waived, and the case was submitted to the court for trial.  It is now too late for the defendants to question the jurisdiction of the district court.  That court is one of original general jurisdiction, and if parties come voluntarily into that court to litigate a matter of which it could take cognizance, and which is within the scope of its jurisdiction, and make no objection to the form of the proceedings, they will not be heard to say that the court had no jurisdiction, or that its judgment is not binding. (*Reedy v. Gift*, 2 Kas. 392; *Jones v. School District*, 8 id. 362; *Haas v. Lees*, 18 id. 449; *Miller v. Bogart*, 19 id. 117; *Shuster v. Finan*, 19 id. 114.)

On the part of the defendants, it is contended that the payment of the premium installments mentioned in the note was optional with the insured; and that as he made default, the insurance company cannot recover upon the note; that its only remedy is the avoidance of the policy. (*Yost v. Insurance Co.*, 39 Mich. 531; *Insurance Co. v. Stoy*, 41 id. 385.)  We do not think that we are called upon in this case, as it is now presented, to determine whether the condition of forfeiture for non-payment inserted in the note was a condition precedent to a further continuance of the policy, or a condition subsequent and merely voidable at the option of the company.  The insurance policy for which the note was executed was not offered in evidence, and is not contained in the record.  If this is a test case, which has been brought here to determine the rights of parties in a great number of claims awaiting the result of this one, we ought to have before us the written policy as well as the note given by the assured.  These instruments are all

parts of one and the same transaction; they must be resorted to and treated as but one instrument for the purpose of ascertaining the rights of the parties.

Again, there is nothing upon the face of the note, or in the record, showing, or tending to show, that the first year's premium was paid in cash, or otherwise than by the note in controversy, or that the installments therein named are for advance insurance. As the insurance policy is dated April 7, 1882, and the first installment of the note was not due until April 1, 1883, it would seem to us that this installment, when it became due, *was for an earned premium.* Then again, the note states that "in the event of non-settlement for time expired, as per terms on short rates, the whole amount of installments remaining unpaid on said policy, may be collected." If there was no cash, or other actual payment made upon the policy for the year commencing April 7, 1882, and ending in April, 1883, and the installment payable April 1, 1883, was not an advance payment, then, as the risk began to run April 7, 1882, a part of the premium therefor was earned prior to April 1, 1883. From April 7, 1882, to April 1, 1883, the policy was neither null, nor void, nor suspended. During all that time it protected the assured. The neglect or default of the assured did not occur until after April 1, 1883; therefore, under any circumstances, the insurance company would be entitled to collect for *the earned premium,* even if we concede to the fullest extent that the policy was void during the subsequent period of default in payment. (May on Ins., § 341*a.*)

The judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.