R. AXMAN v. WILLIAM J. DUEKER *et al.*

GARNISHEE, *Service on—Collateral Attack.*—Where the record in garnishment proceedings showed that the garnishee was served with a copy of the writ of attachment and a written notice not to pay any money or turn over any property in his hands to the defendant until so ordered by the court, and the sufficiency of such service was challenged by the defendant, and was by the district court held sufficient to require the garnishee to answer, and such garnishee did answer, under the order of the court, *held*, that such service was not void, and cannot be attacked in a collateral proceeding.

*Motion for Rehearing.*

THE facts are sufficiently stated in *Axman v. Dueker*, ante, pp. 179, *et seq.*, and in the opinion, *infra*, filed at the session of the court in June, 1891.

*J. R. McClure*, for plaintiff in error.

*Thomas Dever, J. V. Humphrey, and David Overmyer*, for defendants in error.

*Per Curiam:* It is urged, upon the motion for a rehearing in this case, that the court failed to decide whether or not the service of process upon the defendant William J. Dueker, in the case of C. F. Ziegler *v.* L. C. Pfaffenberger, was sufficient to give the court jurisdiction over the property claimed to have been attached or garnished. The district court found in the case of *Axman v. Dueker*, that Ziegler had a lien for $565.05, by virtue of the attachment and garnishment proceedings instituted in the case of *Ziegler v. Pfaffenberger*, upon the note sued on. It would seem from the record that a trial was had before the court, and the plaintiff in error in this case was given a judgment for the balance due on the note executed by Dueker to Pfaffenberger, after deducting the amount of Ziegler's lien, acquired by virtue of the attachment and garnishment proceedings. We stated that there was sufficient in the record, in our opinion, to give the court jurisdiction. This is as far as we think we are called upon to go in this case. Had the question of the sufficiency of the service, raised in the original case of *Ziegler v. Pfaffenberger*, been brought to this court by proceedings in error, we might have held otherwise. But the garnishee was ordered by the district court to appear and answer after the sufficiency of the proceedings had been ques-. tioned by the original defendant. The garnishee answered without objection, and thus waived all defects to the process, unless they were of such a character as to render the proceedings absolutely void. The judgment in that case still stands unchallenged. (8 Am. & Eng. Encyc. of Law, 1118.) The return of the sheriff stated that he received the order of attachment on the 12th day of May, 1887, and served the same by delivering a true and certified copy to William J. Dueker, with a written notice not to pay any money or turn over any property to the defendant Pfaffenberger until so ordered by

the court. There may be a question as to whether this return would stand a contest by the garnishee, but we do no$^t$ think it is void, and hence, it cannot be attacked in a collateral proceeding.

We are aware that the decisions are conflicting: some states have held that the appearance and answer of a garnishee waives any objection that might have been taken to the notice. Upon this proposition, see *Miller v. O'Bannon*, 4 Lea (Tenn.), 398; *Carter v. Koshland*, 12 Ore. 493; *Lupton v. Moore*, 101 Pa. St. 318; *Pulliam v. Aler*, 15 Gratt. (Va.) 54; *B. O. & Ch. Rld. Co. v. Taylor*, 81 Ind. 25; *Truitt v. Griffin*, 61 Ill. 27; *Reynolds v. Collins*, 78 Ala. 94; and *Hinkley v. Water Power Co.*, 9 Minn. 56.

While we do not care to go to the extent that some of the authorities do upon the question of a voluntary appearance by the garnishee, still we think that the record in the case of *Ziegler v. Pfaffenberger* shows that the service was not void. The district court held that it was sufficient and required the garnishee to answer, and we are of the opinion that the service upon the garnishee cannot be attacked in this case. It is further urged, that the opinion stated that the defendant in this case made a special appearance for the purpose of contesting the jurisdiction of the court over the subject-matter of the action, when in fact no such appearance was made by either the defendant or the plaintiff. The language of the opinion is not subject to the interpretation placed upon it by counsel. The opinion stated that the defendant made a special appearance in this case, referring to the case of *Ziegler v. Pfaffenberger*, and not to the case at bar.

The motion for a rehearing will be overruled.

HORTON, C. J.: All of the papers, pleadings and notices in the case of *Ziegler v. Pfaffenberger* are not before us, or at least the record does not show they are. All presumptions are in favor of the rulings and judgment of the district court, and therefore I cannot say, upon the record as presented, that the court had no jurisdiction over the garnishee from the date

of the service of the notice. Again, it does not seem to me that R. Axman purchased the note in controversy in good faith. He is a colorable owner only, not the actual holder. For these reasons, I concur in the foregoing order denying a rehearing.

VALENTINE, J.: With very great doubts I concur in over-ruling the motion for a rehearing, and in affirming the judgment of the court below.

JOHNSTON, J.: I concur in the result.