WILLIAM SIMS v. J. M. KENNEDY.

No. 13,046. (73 Pac. 51.)

SYLLABUS BY THE COURT.

1. JURISDICTION—*Justice of the Peace.* The jurisdiction of a justice of the peace is purely statutory. Statutes conferring jurisdicton upon justices of the peace are strictly construed, and will not, by construction, be aided or extended by inference or implication beyond their express terms.

2. ——— *Action on Attachment Bond—Effect of Change of Venue.* Section 5231, General Statutes of 1901, which provides that, "in actions founded upon an undertaking given in pursuance of law in any civil proceeding pending before a justice, such justice or his successor in office shall have jurisdiction thereof where the sum due or demanded on such undertaking does not exceed five hundred dollars," does not confer jurisdiction upon a justice of the peace, before whom a case was removed on change of venue for trial after the filing and approval of a bond in attachment and the issuance and levy of a writ of attachment, to entertain an action for damages based upon a breach of the conditions of the attachment bond, when the damages claimed are $360.

3. ——— *Appeal Does Not Confer Jurisdiction.* Where a justice of the peace before whom an action was brought had no jurisdiction of the subject-matter of the action, no jurisdiction of the cause of action is conferred upon the district court upon the appeal of plaintiff from a judgment rendered in the justice's court, and such action should be dismissed by the district court.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed July 10, 1903. Reversed.

*Austin & Hungate,* for plaintiff in error.

*J. J. Schenck,* for defendant in error.

The opinion of the court was delivered by

POLLOCK, J.: The Bartholomew Real Estate and Investment Company brought an action against J. M. Kennedy to recover the sum of $180 rent, before C. H. Nagle, a justice of the peace of Topeka township,

Shawnee county. It filed therein an affidavit and bond in attachment and procured the issuance and levy of a writ of attachment. The bond in attachment was in the penal sum of $360, with plaintiff in error, William Sims, as surety thereon. Thereafter the case was removed upon change of venue before T. T. Wright, a justice of the peace of Soldier township, for trial. Before the trial, however, plaintiff dismissed the action. A portion of the property seized in attachment had been sold under an order of the court. Upon the dismissal of the action the constable returned the property remaining unsold to defendant, and turned over the proceeds of the property sold to him. Thereupon Kennedy commenced this action in justice's court, before T. T. Wright, justice of the peace of Soldier township, against Sims, surety on the attachment bond, to recover his damages sustained by reason of the wrongful attachment, alleged to be in the full penalty fixed in the bond, $360. Plaintiff had judgment in the sum of $50. He appealed to the district court; where upon a retrial he recovered verdict and judgment in the sum of $360. The defendant brings error.

· The one question we shall consider is that of jurisdiction. It is decisive of the case and arises in this way:. In the district court defendant moved to dismiss the action for the reason that the justice before whom the action was brought had no jurisdiction over the subject-matter of the action; and, as a necessary consequence, the justice being without jurisdiction, it followed that the district court acquired none on plaintiff's appeal from the judgment rendered in the justice's court. It must be conceded that if there was no jurisdiction of the justice's court over the subject-matter of the action, plaintiff could not by appeal

confer jurisdiction on the district court. (*Armour v. Howe*, 62 Kan. 587, 64 Pac. 42.) Did the justice's court, wherein the action was brought, have jurisdiction of the subject-matter of the action? The statute, section 5231, General Statutes of 1901, provides:

"In actions founded upon an undertaking given in pursuance of law in any civil proceeding pending before a justice, such justice or his successor in office shall have jurisdiction thereof where the sum due or demanded on such undertaking does not exceed five hundred dollars."

The jurisdiction of a justice of the peace is purely statutory. Statutes conferring jurisdiction upon justices of the peace are strictly construed, and will not, by construction, be aided or extended by inference or implication beyond their express terms. (18 A. & E. Encycl. of L., 2d ed., 17, and cases cited.) As this action was brought upon an attachment bond filed in an action then pending in justice's court before Nagle, a justice of the peace of Topeka township, before Wright, a justice of the peace of Soldier township, before whom the action was removed for trial after the giving of the attachment bond, it is clear that such justice was not the justice before whom the action was pending at the time the bond was given, nor was he the successor of such justice. As the above statute is the sole authority for the exercise of jurisdiction in this case, and as that statute in express terms does not confer jurisdiction upon Wright, a justice of the peace of Soldier township, on an attachment bond filed in an action pending before Nagle, a justice of the peace of Topeka township, to entertain an action wherein the damages claimed by plaintiff were $360, it follows that the justice had no jurisdiction, and, as such justice had no jurisdic-

25—67 KAN.

Railway Co. v. Vanordstrand.

tion, no jurisdiction was conferred upon the district court by plaintiff's appeal.

The judgment rendered must therefore be reversed, with directions to sustain the motion to dismiss the case from the district court.

All the Justices concurring.