# ST. LOUIS & S. F. R. CO. v. COUCH, *Justice of the Peace.*

## No. 414. Opinion Filed March 21, 1911.

### (114 Pac. 694.)

1. **JUSTICES OF THE PEACE—Jurisdiction—Construction of Statutes.** Statutes conferring jurisdiction upon justices of the peace are to be strictly construed, and are not to be aided or extended by implication beyond their express terms.

2. **JUSTICES OF THE PEACE—Right of Appeal.** The action was commenced before a justice of the peace prior to statehood, the amount claimed being less than $20. Summons was duly had upon the defendant, who made no appearance prior to the rendition of judgment. On the day set for trial the plaintiff appeared and demanded a jury, which was selected, and impaneled, and which, after hearing, returned a verdict for the plaintiff for a sum less than $20. **Held,** that the plaintiff was not entitled to a trial by jury, and that the defendant was not denied the right of appeal by section 6359, Compiled Laws of Oklahoma 1909, which provides that in all civil actions after an appearance of the defendant, and before the justice shall proceed to inquire into the merits of the cause, either party may demand a jury to try the action, which jury shall be composed of six good and lawful men, having the qualifications of jurors in the district court, unless the parties shall agree on a less number.

(Syllabus by the Court.)

*Error from District Court, Woods County; J. L. Pancoast, Judge.*

Action between the St. Louis & San Francisco Railroad Company and J. H. Couch, justice of the peace. From the judgment, the railroad company brings error. Reversed and remanded, with directions.

*R. A. Kleinschmidt,* for plaintiff in error.

KANE, J. Section 6395, Compiled Laws of Oklahoma 1909, in force prior to statehood, provides:

"An appeal may be taken from the final judgment of a justice of the peace in any case, except in cases hereinafter stated, in which no appeal shall be allowed: First, On judgments rendered on confession. Second, In jury trials, where neither party claims in his bill of particulars a sum exceeding twenty dollars."

The only question necessary to decide in order to dispose of this case is whether in an action instituted prior to the admission of Oklahoma Territory into the Union as a part of the state of Oklahoma before a justice of the peace for the recovery of a sum less than $20, where there was due service upon the defendant and he fails to appear at any time prior to judgment, the plaintiff appearing at the trial and demanding a jury, which was selected and impaneled, and which returned a verdict in favor of said plaintiff and against said defendant in a sum less than $20, he is entitled to an appeal therefrom to the district court. This question must be answered in the affirmative. Several sections of the statutes pertaining to trial by jury before justices of the peace in force at the time the case was tried are cited in the brief of counsel, but the only one we believe it necessary to construe is section 6359, Compiled Laws of Oklahoma 1909, which provides that in all civil actions after an appearance of the defendant, and before the justice shall proceed to inquire into the merits of the cause, either party may demand a jury to try the action, which jury shall be composed of six good and lawful men, having the qualifications of jurors in the district court, unless the parties shall agree on a less number. This is the section that provides for trial by jury before a justice of the peace. All the others have reference to the practice and procedure applicable to such trial.

It is well settled that statutes conferring jurisdiction upon justices of the peace are to be strictly construed, and are not to be aided or extended by implication beyond their express terms. *Sims v. Kennedy*, 67 Kan. 383, 73 Pac. 51. There is no ambiguity about the statute under discussion. It is hardly possible to conceive of clearer language to express the will of the Legislature. It says: "In all civil actions, after an appearance of the defendant, * * * either party may demand a jury."

All justices of the peace courts are courts of limited jurisdiction. The organic law of the territory declared both the jurisdiction of the justice of the peace and probate courts should be as limited by law. The justice could only do what the statute said

he could do. He has no implied power or jurisdiction. Whenever the parties fail to appear he must look to the statutes to determine what his duties are. The statutory direction in this case is clear and explicit, and, the legislative intent being readily ascertainable, it is the duty of the courts to give it that effect.

The judgment of the court below is accordingly reversed, and the cause remanded with directions to proceed in conformity with this opinion.

DUNN and HAYES, JJ., concur; TURNER, C. J., and WILLIAMS, J., dissent.