## WESTERN PAVING CO. v. BINION.

No. 6137.    Opinion Filed July 20, 1915.

(150 Pac. 898.)

1.  **JUSTICES OF THE PEACE—Jurisdiction—Action Against Corporation.** .The act approved March 22, 1913 (Sess. Laws 1913, c. 83). relating to venue of actions against domestic corporations and providing that actions against such corporations may be brought "in the county where the cause of action or some part thereof arose," confers jurisdiction in such actions upon justice of the peace courts when the cause of action in all other respects is within their jurisdiction.

2.  **SAME—Service of Process.** In actions brought before a justice of the peace under the provisions of the statute above referred to, valid service may be had outside of the county where the action is brought when properly directed and served.

(Syllabus by Crow, C.)

*Error from District Court, Oklahoma County;*
*W. R. Taylor, Judge.*

Action by the Western Paving Company against M. C. Binion. Judgment for defendant, and plaintiff brings error. Affirmed.

*G. A. Paul,* for plaintiff in error.

*Works & Copping,* for defendant in error.

Opinion by CROW, C. This is an appeal from the action of the district court of Oklahoma county dissolving a temporary injunction which restrained defendant in error, then sheriff of Oklahoma county, from enforcing executions issued, which plaintiff in error contends are based upon void judgments rendered by a justice of the peace in Choctaw county.

The agreed statement of facts, upon which the case comes here, as well as the briefs of both parties, discloses that there are just two questions for us to answer: First,

did the act of March 22, 1913 (Sess. Laws 1913, c. 83), under which the judgments were rendered, confer jurisdiction in such cases upon justice of the peace courts; and, second, can valid service be obtained upon a party residing in another county in an action brought before a justice of the peace in such cases as are therein mentioned.

We think there can be no doubt that the Legislature intended that the act referred to should apply to justice of the peace courts as well as other trial courts where the cause is otherwise within their jurisdiction. This act is clearly a remedial one. Our statutes provide that:

"The provisions of the chapter on civil procedure, which are in their nature applicable to the jurisdiction and proceedings before justices, and in respect to which no special provision is made by statute, are applicable to proceedings before justices of the peace." (Section 5518. Rev. Laws 1910.)

The Constitution provides (section 18, art. 7) that justices of the peace "shall have jurisdiction concurrent with the county court, in civil cases where the amount involved does not exceed two hundred dollars."

The act in question being a remedial one, thus eliminating all contentions as to *ex post facto* or retroactive effect, we are convinced that both of the above questions should be answered in the affirmative.

The judgment of the district court of Oklahoma county in dissolving the injunction is therefore affirmed.

By the Court: It is so ordered.