Woodworth v. Maddox.

No. 24,981.

J. D. WOODWORTH, *Appellee*, v. LEE MADDOX, *Appellant*.

### SYLLABUS BY THE COURT.

1. FORCIBLE DETAINER — *Cannot Be Maintained for Possession of Personal Property.* An action for forcible detainer cannot be maintained for the possession of personal property.

2. REPLEVIN—*Affidavit Must Be Filed to Give Justice of the Peace Jurisdiction.* In a replevin action before a justice of the peace the affidavit required by statute must be filed to give the court jurisdiction of the subject matter.

3. SAME—*Jurisdiction of District Court on Appeal from Justice's Court.* Upon an appeal of a replevin action from the justice court to the district court, the district court has only such jurisdiction of the subject matter as the justice court had.

4. SAME — *No Replevin Affidavit Filed Nor Replevin Bond Given — Court Without Jurisdiction.* In a replevin action attempted to be brought in the justice court, in which that court acquired no jurisdiction because no replevin affidavit was filed, the defendant did not appear at the time set for the hearing, but appealed to the district court and there promptly moved to dismiss because the court had no jurisdiction of the subject matter for the reason that no replevin affidavit had been filed nor replevin bond given, *held,* the motion should have been sustained.

Appeal from Marion district court; CASSIUS M. CLARK, judge. Opinion filed February 9, 1924. Reversed.

*Stanley W. Howe,* of Florence, for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

HARVEY, J.: We shall speak of the parties as they appeared in the court below. This proceeding was initiated by the plaintiff filing in justice court the following bill of particulars (omitting formal parts):

"The plaintiff complains of the defendant and for his cause of action herein states: That he is the legal and equitable owner of the following described personal property, to-wit: One movable house situated on lot 24, block 40 in the City of Florence, Marion County, Kansas. One movable garage situated on lot 26, block 40, in the City of Florence, Marion County, Kansas. That said plaintiff purchased the above personal property on the 30th day of July, 1921, at a constable's sale in the city of Florence, Kansas. That said defendant at the time of said sale was in possession of said premises, and still remains in the same. That on the 6th day of August, 1921, plaintiff did cause a written

thirty-day notice to quit served upon the said defendant, a copy of said notice being herewith attached, marked Exhibit 'A' and made a part of this bill of particulars and complaint. That more than three days prior to the commencement of this action this plaintiff caused to be served upon the said defendant a written notice to quit or suit would be brought to evict, a copy of said notice being herewith attached marked Exhibit 'B' and made a part of this bill of particulars and complaint. That the said defendant still fails and refuses to vacate said property and now does by violence and force keep this plaintiff out of possession of the same, all to his damage in the sum of $75.00.

"Wherefore, plaintiff demands judgment against the said defendant that he have restitution of the said property and that he recover of said defendant the sum of $75.00, his damage herein sustained, and for costs of this action."

This was verified. Attached thereto as exhibits "A" and "B" were copies of the following notices with proof of service by the constable:

"To Lee Maddock                                        Exhibit "A"

"Having bought by sale of court the three-room house and garage at 124 East 8th St., Florence, Kansas, you are hereby notified to vacate same (the above described premises) on or before thirty days from date hereof.

J. D. WOODWORTH."

"To Lee Maddock                                        Exhibit "B"

"You are hereby notified to vacate the following described premises, to-wit: lots 22-24 & 26 Block 40, City of Florence, Marion County, Kansas, on or before the 28th day of Sept. 1921 or suit will be brought to evict you.

J. D. WOODWORTH, *Owner*."

Upon the filing of this bill of particulars a summons was issued, the body of which is worded as follows:

"You are commanded to summon Lee Maddox to appear before me, the undersigned Justice of the Peace, at my office in City of Marion, Kansas, on the 6th day of October, 1921, at 3 o'clock p. m., to answer the action of J. D. Woodworth for a judgment against said defendant for $75.00 damages, and *restitution of certain personal property* situated on lot 24, Block 40, and situated on lot 26, Block 40, all in City of Florence, Kansas. And then and there return this writ."

The defendant did not appear in justice court and judgment was rendered against him by default. He appealed and in the district court filed the following motion:

"Now comes the defendant and moves the court to dismiss this action for want of jurisdiction over the subject matter of this action, for the reason that no replevin affidavit was filed in this action and for the further reason that no replevin undertaking was filed in this action."

This motion was overruled and the case went to trial to the court and jury. The plaintiff relied upon a purchase of the prop-

erty at a constable's sale in an action previously brought by a lumber company against this defendant, and offered in evidence the justice docket of that case.

The defendant admitted that the notices, copies of which were attached to the bill of particulars, were served upon him, and admitted that he was in possession of the house and garage, but denied that he was unlawfully detaining them. The court instructed the jury to return a verdict for plaintiff for the possession of the property in question. The verdict was returned and judgment was rendered accordingly.

The defendant has appealed and complains of the order of the court overruling his motion to dismiss, and complains of the instruction and judgment of the court.

We must first determine what kind of an action this is. It was brought in justice court, a court without jurisdiction in equity cases (*Berroth v. McElvain*, 41 Kan. 269, 20 Pac. 850; 24 Cyc. 477), and with such jurisdiction in actions at law only as is given it by statute. (*Sims v. Kennedy*, 67 Kan. 383, 73 Pac. 51; 24 Cyc. 440.) Some of the language of the bill of particulars and the notices attached thereto indicate an action for forcible detainer, but it is for the possession of restitution of a movable house and garage which plaintiff averred is personal property he had purchased at a constable's sale. The action of forcible detainer lies for the possession of real property. (R. S. 61-1301.) It cannot be maintained for the possession of personal property. (26 C. J. 802.) Some of the language in the bill of particulars indicates it was an action in replevin for the possession of personal property, and the instruction given upon the trial in the district court shows that the court so considered it, but no replevin affidavit was filed nor replevin bond given. The statute confers jurisdiction upon justices of the peace of actions for the recovery of specific personal property not exceeding $300 in value (R. S. 61-501), and provides (61-502):

"An action for this purpose shall not be brought until there is filed in the office of the justice an affidavit of the plaintiff, his agent or attorney, showing—*First.* A description of the property claimed. *Second.* That the plaintiff is the owner thereof, or has a special ownership therein, stating the facts in relation thereto, and that he is entitled to the immediate possession of the property. *Third.* That the property is wrongfully detained by the defendant. *Fourth.* That it was not taken in execution on any order or judgment against said plaintiff, or if so taken on execution that it is by statute exempt from seizure, or for the payment of any tax, fine or amercement assessed against him, or by virtue of an order of delivery issued under this article, or

any other mesne or final process against said plaintiff. And, *Fifth.* The actual value of the property. When several articles are claimed, the value of each article shall be stated as nearly as practicable."

This affidavit is necessary to give a justice of the peace jurisdiction of the subject matter in a replevin action. In 22 Standard Proc. 890, it is said:

"In most jurisdictions the filing of an affidavit substantially complying with the requirements of the statute is necessary to invest the justice with jurisdiction to entertain the action and issue the writ."

In 18 Enc. Pl. & Pr. 511, it is said:

"The first office of an affidavit in a justice's court is to procure a delivery and confer jurisdiction. When this is accomplished, the office of the affidavit has been completed and it may thereafter be treated as a complaint."

In *Evans v. Bouton,* 85 Ill. 579, it was said:

"In replevin before a justice of the peace, as in forcible entry and detainer, there must be an affidavit sworn to or affirmed containing all the statutory requirements, to give the justice jurisdiction to issue the writ, and this must affirmatively appear, as nothing can be presumed in favor of his jurisdiction." (Syl. ¶ 1.)

In *Bloomingdale v. Chittenden,* 75 Mich. 305, 306, it was said:

"The office of the affidavit is to confer jurisdiction (*Elliott v. Whitmore,* 5 Mich. 537) ; and, if that is sufficient, the court will obtain jurisdiction over the process."

In *State v. Welch and another,* 37 Wis. 196, 199, it was said:

"The value of goods to be-replevied goes to the jurisdiction of the justice, . . . So the statute requires the affidavit on which the justice's jurisdiction is founded, and which stands as the pleading of the party, to give, not only a description of the goods, but also their value."

In *Clendenning v. Gruise,* 8 Wyo. 91, it was held:

"In replevin before a justice of the peace, the affidavit constitutes the basis of the action and is jurisdictional." (Syl. ¶ 6.)

In *Bolin v. Fines,* 51 Neb. 650, it was held that the first step necessary to give a justice jurisdiction to issue a writ in replevin is making and filing the affidavit.

In an action in the district court for the recovery of personal property the writ need not issue at the beginning of the action or at any time. The action may go on to final judgment and the rights of the parties there determine. (*Bachelor v. Walburn,* 23 Kan. 733.) But this is not the rule in justice court, as is pointed out in the case last cited, for it was there said:

Woodworth v. Maddox.

"It may be that a different rule obtains before a justice of the peace, for there it is provided that the action shall not be brought until the affidavit is filed, and that no summons shall issue until bond is given." (p: 737.)

Even in proceedings in the district court where the writ for the possession is issued, the requirements of the statute as to what the affidavit in replevin should contain are imperative. (*Westenberger v. Wheaton,* 8 Kan. 169.)

In a replevin action the right to recover damages for wrongful detention is dependent upon the right to recover in replevin, and when that fails the damages fail. (*Racine-Sattley Co. v. Meinen,* 79 Neb. 32; *Clendenning v. Guise,* 8 Wyo. 91.)

In the light of these authorities it is clear that the justice court had no jurisdiction of the action considered as a replevin.

Ordinarily upon appeal from a court of limited inferior jurisdiction the district court has the same limitations upon its jurisdiction that the court in which the cause originally arose had. In *Wagstaff v. Challiss,* 31 Kan. 212, 1 Pac. 931, it was held:

"Where an action is appealed from a justice of the peace to the district court, the district court takes merely appellate jurisdiction, and no original jurisdiction, and can hear and determine the case only as a case within the jurisdiction of a justice of the peace." (Syl. ¶ 1. See, also, *Sanford v. Shepard,* 14 Kan. 228; *Stanley v. Farmers' Bank,* 17 Kan. 592; *Kuhuke v. Wright,* 22 Kan. 464; *Robbins v. Sackett,* 23 Kan. 301; *Zeigler v. Osborn,* 23 Kan. 464; *Wagstaff v. Challiss,* 29 Kan. 505; *Wagstaff v. Challiss,* 31 Kan. 212, 1 Pac. 931; *Merywethers v. Youmans,* 81 Kan. 309, 105 Pac. 545; *The State v. Linderholm,* 84 Kan. 603, 114 Pac. 857).

There are some exceptions to that (*Mo. Pac. Rly. Co. v. Lea,* 47 Kan. 268; 27 Pac. 987; *Telegraph Co. v. Moyle,* 51 Kan. 203, 205, 32 Pac. 895; *Nichols v. Casualty Co.,* 113 Kan. 484, 486, 214 Pac. 1111), but they are not of the character to affect the situation here. In this case the question of jurisdiction of the subject matter was properly made in the district court by the motion of the defendant to dismiss for that reason and specifically calling the attention of the court to the fact that no replevin affidavit had been filed nor replevin bond given. (*Evans v. Bouton,* 85 Ill. 579.)

The case will be reversed with directions to the court below to sustain the motion of the defendant to dismiss for want of jurisdiction of the subject matter.