### STUART STATE BANK v. WATERS.

No. 12512—Opinion Filed Dec. 23, 1924.

1. **Justices of the Peace—When Summons May Issue to Another County.**

A justice of the peace is without jurisdiction to issue a summons to a county, other than that in which the case is pending, unless the action includes a defendant served in the county where the suit is pending.

2. **Same — Judgment — Injunction Against Enforcement—Erroneous Refusal.**

Record examined; held, to be insufficient to support the judgment against the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, McIntosh County; Harve L. Melton, Judge.

Action by Stuart State Bank against G. T. Waters to enjoin the enforcement of a judgment rendered against plaintiff in the court of a justice of the peace. Judgment for defendant. Plaintiff brings error. Reversed and remanded with directions.

Anglin & Stevenson, for plaintiff in error.

John T. Cooper, for defendant in error.

Opinion by STEPHENSON, C. The defendant in error, a resident of McIntosh county, filed a suit in the justice court of McIntosh county, for a penalty, against the Stuart State Bank, domiciled in Hughes county. Summons was issued out of the justice court in McIntosh county and served on the defendant in Hughes county. The defend-

ant did not make an appearance in the case, and judgment went for the plaintiff in the sum of $110 and costs. A transcript of the judgment was filed in the office of the court clerk of McIntosh county, and the plaintiff commenced a proceeding to cause a levy to be made upon the property of the defendant in satisfaction of the judgment.

The bank filed its action in the district court of McIntosh county to enjoin the plaintiff in the former case from making the levy in satisfaction of the judgment rendered in the justice court. The court sustained the defendant's demurrer to plaintiff's petition in this action, and entered judgment for the defendant.

The plaintiff has appealed the cause to this court, and assigns the sustaining of the defendant's demurrer to its petition as error for reversal here.

The plaintiff denies the right of the defendant to institute an action in the justice court of McIntosh county against the defendant and cause summons to be issued in the cause and served on the defendant in Hughes county. The contention of the plaintiff in error is, that the justice's court exceeded its jurisdiction in entertaining the action of the defendant in error for the recovery of a penalty against the plaintiff in error.

Chapter 4 of Civil Procedure creates the justice courts and defines their jurisdiction. Section 895, Comp. Stats. 1921, is in the following language:

"The jurisdiction of the justices of the peace in all civil matters shall be co-extensive with the county in which they are elected; Provided, that in all actions against two or more defendants jointly or jointly and severally liable, such actions may be brought before any justice of the peace of the county wherein either of the defendants shall reside or may be summoned; and such justice shall have power and is hereby authorized to issue a summons directed to the sheriff of any other county for service to bring in all codefendants who may be served in such county; and upon service of such summons, the justice before whom the action is pending shall have as full jurisdiction as to all the defendants as he would have in cases where all the defendants reside in the county where the action is brought."

The effect of this section is to confine the territorial limits of a justice court to the county in which the court is situated. The right of a justice court to issue summons for service on a defendant in a county other than that in which the cause is pending, is made to depend upon the fact that

one of the defendants in the joint action is served with summons in the county in which the court is situated.

Section 896, Comp. Stats. 1921. defines the subject-matter which may be submitted to a justice court for trial, subject to the first part of the section, which is in the nature of a limitation, and is in the following language:

"Under the **limitations and restrictions herein provided,** justices of the peace shall have original jurisdiction of civil actions for the recovery of money only, and to try and determine the same where the amount claimed does not exceed two hundred dollars."

It will be observed that the subject-matter which may be submitted to a justice court for trial, according to the provisions of section 896, is subject to the territorial limitations prescribed by section 895. The right to try every civil action for the recovery of a sum of money which does not exceed $200 does not repose in the justice court. The right to try the particular action for the recovery of money is made to depend upon the fact that summons may be served on the defendant in the county in which the suit is pending, unless it is a joint action and one of the defendants is served in the county in which the court is situated. The jurisdiction of a justice of the peace is purely statutory, and the right to try a particular cause is made to depend upon the powers granted to the court by the statute.

Chapter 4. in creating the justice court. limits the subject-matter and requires the subject-matter of the action to exist within the territorial limits of the county in which the defendant can be served with summons. Sims v. Kennedy, 67 Kan. 383, 73 Pac. 51; State v. Piper, 103 Kan. 794; Woodworth v. Maddox, 115 Kan. 445.

The defendant relies on section 202, Comp. Stats. 1921, as construed with section 1062, Comp. Stats. 1921, for his right to maintain the action in McIntosh county, and cause the summons to be served on the defendant in Hughes county.

Section 202 is in the following language:

"An action, other than one of those mentioned in the first three sections of this article, against a corporation created by the laws of this state, may be brought in the county in which it is situated, or has its principal office or place of business, or in which any of the principal officers thereof may reside, or be summoned, or in the county where the cause of action or some part thereof arose."

This section is found in chapter 3, art.

4 of Civil Procedure, which defines the venue of actions in relation to district and county courts.

Section 1062 is found in chapter 4, relating to justice courts, and is in the following language:

"The provisions of the chapter on Civil Procedure, which are, in their nature, applicable to the jurisdiction and proceedings before justices, and in respect to which no special provision is made by statute, are applicable to proceedings before justices of the peace."

The right of the defendant to look to section 1062, supra, for any benefit which he may derive from section 202, supra, is made to depend upon the fact that chapter 4 has not defined the territorial limits of the justice courts. Section 1062 excludes the application of any of the provisions of the chapter on Civil Procedure to justice court proceedings, where the statute has made special provisions for the same thing in chapter 4. The effect of applying section 202 to proceedings had in a justice court, is to expand the territory prescribed by section 895, supra. Section 1062, by its plain and clear terms, forbids such a thing to be done.

The Legislature had fixed the subject-matter which might be submitted to the district and county courts prior to the passage of section 202. The Legislature had fixed the venue of the district and county courts before the enactment of this section. Section 202 is purely a venue statute, and by its passage authorized certain district and county courts to try actions which were denied to the particular courts on the ground of venue prior to the passage of the section, but not on the ground of a lack of jurisdiction of the subject-matter. The effect of the section was to increase the territorial venue of the particular district and county courts. The right to take venue of the subject-matter before the passage of the act depended upon the defendant waiving his personal privilege of venue. Jurisdiction could not have been conferred upon the courts by the consent of the parties, if they lacked jurisdiction of the subject-matter.

The subject-matter which a justice court might try prior to the passage of section 202, supra, was made to depend upon the fact that it existed in the county in which the defendant could be served. The justice court could not take jurisdiction of every civil action where the sum did not exceed $200, because of the limitation prescribed by section 895, supra. We apprehend that the defendant will not assert that a justice

court had jurisdiction of a civil action for the recovery of money not to exceed $200, where the defendant could not be served in the county in which the cause was pending, prior to the passage of section 202, supra.

The vice in giving effect to section 202 through the provisions of section 1062, supra, is in the fact that such application changes it from a purely venue statute to one of jurisdiction of subject-matter as applied to justice courts. The Legislature did not intend for section 202 to be more than a venue statute. The construction for which the defendant contends would convert the section into a jurisdictional statute as applied to justice courts, when it was enacted as a venue statute for district and county courts. The simplified practice applicable to justice courts indicates that it was the purpose of the Legislature to establish a justice court for the trial of disputes that arose in the community between the citizens. The procedure and practice in the conduct of trials in a justice court is not suited to try litigation between parties where one of the parties is situated a distance from the court. The chapter on Civil Procedure has made provision for the trial of such cases in courts of record, where careful attention and consideration may be given to the disposition of the questions involved in the action. It better serves the apparent purposes expressed by the Legislature, that in suits arising between parties where one is situated in another county, the cause be tried in some court of record where the interests of all the parties may be well considered and fairly protected.

The provisions of section 1062 are not ambiguous, and really require no construction as applied to the question involved herein. Section 895, supra, has prescribed the territorial limits of the justice court, and section 1062 forbids the application of any of the provisions of the chapter on Civil Procedure to justice procedure, where provision has been made in relation to the same matter in chapter 4. If there was any uncertainty as to the meaning of these several sections, we are required to construe the statutes strictly in relation to statutes affecting justice courts. St. Louis & S. F. R. Co. v. Couch, 28 Okla. 331, 114 Pac. 694; Hocker v. Carroll, 35 Okla. 290, 129 Pac. 56; Sims v. Kennedy. supra. We think that under this rule of construction, if section 1062 was uncertain, we would not be authorized to take a section of purely a venue nature from chapter 3, and apply the section to a justice court, when the effect would be to increase the jurisdiction of the latter court.

Section 1062, supra, appeared in the Kansas Code as section 60. In the case of the State of Kansas ex rel. W. A. Doolittle, Co. Atty. of Wabaunsee County, v. Brayman, 35 Kan. 714, the plaintiff attempted by mandamus proceedings to compel the defendant to issue a summons out of a cause to be served on a defendant in a county other than that in which the proceeding was pending. The plaintiff relied on section 60 of the Kansas Code as his authority to take a venue section in the chapter on Civil Procedure, and make the same applicable to a justice court. It was said by the court that the sections defining the subject-matter which might be tried by a justice court, and defining the territorial limits in which the subject-matter must exist, were inconsistent with the section found in the chapter on Civil Procedure, which the plaintiff was undertaking to make applicable to justice courts through section 60. The court defined the sections applicable to justice courts, corresponding to our sections 895 and 896, as restrictions upon the class of subject-matter in civil actions, which might be brought before a justice of the peace, as well as the territorial limits in which the subject-matter must be found. The rules applied in the Brayman Case have been followed at all times by the Supreme Court of Kansas. The rule of strict construction has been applied and followed by the Kansas Supreme Court, and also followed by our court.

The justice court of McIntosh county was without authority to issue a summons and cause the same to be served on the defendant in another county, and the judgment based upon this kind of service was void.

We overlooked the case of Western Paving Co. v. Binion, 50 Okla. 273, 150 Pac. 898, in preparing the former opinion in this case, which reached a contrary conclusion. Commissioner Crow, in the Western Paving Company Case, said:

"We think there can be no doubt but that the Legislature intended that the act referred to should apply to justice of the peace courts as well as other trial courts, where the cause is otherwise within their jurisdiction."

The Commissioner recognized that section 202 was a venue statute, as its application to the particular court was made to depend upon the court having jurisdiction of the subject-matter before the passage of section 202. We agree with the statement of this principle of law and think it sound. The application of the principle to the question as involved in the Western Paving Company Case and in this case would exclude the application of the provisions of section 202 to

justice courts. The justice court did not have jurisdiction of a civil action for the recovery of a debt where the amount did not exceed $200, unless the defendant could be served in the county where the court was situated. The jurisdiction of justice courts of such actions applied to subject-matter which existed within its territorial limits. The Commissioner made a correct statement of the principle of law, but reached a wrongful conclusion in its application in the particular case.

It is important that questions of civil procedure be settled and remain so, even though not technically sound; and if the question involved herein was one of procedure we would reach a different conclusion. The conclusion of law applied in the Western Paving Company Case would authorize the taking of any venue section from the chapter on Civil Procedure for application to justice courts, even though the effect was to enlarge the jurisdiction of the justice court, and even though the chapter creating justice courts had made provision for the particular matter. The effect of the Paving Company Case is to leave the profession and trial courts without any guide in these questions, unless it be understood that the latter case authorizes the application of all the venue sections found in the chapter on Civil Procedure to the justice courts. A disposition of the question concerned in this appeal involves the consideration of general and special statutes. The construction of the question, and its consideration in the Paving Company Case reaches a conclusion at variance with the rule to be applied when considering such statutes. We have many general and special statutes relating to particular subject-matters, and the application of the principle applied in the Paving Company Case would reach a conclusion at variance with the rule which this court applies in such cases.

Therefore, it would appear to be for the better interest of the profession and future litigants to apply the conclusions we have reached in this case, than to apply the rule reached in the Paving Company Case on account of the difficulties which the latter case may lead to in the course of time.

It is apparent from the record in this case and upon the admitted facts that the plaintiff stated a cause of action, and that no defense is available to the defendant.

Therefore, it is recommended that the judgment in favor of the defendant be reversed and remanded, with directions for the granting of a permanent injunction in favor of the plaintiff.

PER CURIAM. The corrected opinion, as prepared by the Commission in the case of Stuart State Bank v. Waters, has been examined and is approved as the opinion of the court, and the court finds that the case of Western Paving Company v. Binion, 50 Okla. 273, 150 Pac. 898, should be overruled.

Therefore, it is ordered, adjudged and decreed by the court, that the former opinion be withdrawn, and that the same as corrected be refiled, and the same is approved as the opinion of the court and that the Western Paving Company Case be and the same is hereby overruled.

Note.—See under (1) 35 C. J. § 103; (2) 35 C. J. § 315.