## SHELL PETROLEUM CORPORATION v. ROSS.

No. 23003.    Sept. 17, 1935.

Thompson, Mitchell, Thompson & Young,

Joe T. Dickerson, and Richard D. Shewmaker, for plaintiff in error.

P. A. Sompayrac, for defendant in error.

RILEY, J. Orbie T. Ross, a resident of Washington county, Okla., brought this action in the justice court of J. E. Hickey, city of Bartlesville, Washington county, Okla., for $65.50 and cost arising on account of labor performed, against Shell Petroleum Corporation, a Virginia corporation duly authorized to do. business within the state of Oklahoma. There was but one defendant.

Summons was issued and directed to the sheriff of Oklahoma county. The Shell Petroleum Company was served in Oklahoma county and return was accordingly made. Thereafter the defendant corporation appeared specially and moved to quash summons. The motion was overruled and judgment by default was rendered in favor of plaintiff and against the defendant corporation.

An appeal was perfected to the district court, where as a matter of law it was held that the justice of the peace had jurisdiction in said cause to issue summons to the sheriff of Oklahoma county, Okla., for service upon said defendant corporation, and the judgment was affirmed.

From the judgment of the district court an appeal was perfected to this court.

The decision of this court in the case of Stuart State Bank v. Waters, 105 Okla. 178, 232 P. 70, is decisive of the controversy. Therein it was held:

"A justice of the peace is without jurisdiction to issue a summons to a county, other than that in which the case is pending, unless the action includes a defendant served in the county where the suit is pending."

There are slightly divergent features between the case at bar and the cited case. One distinction is: The cited case concerned a domestic corporation, whereas here is involved a foreign corporation, licensed to do business within this state. This is a distinction without a difference. Therein plaintiff relied upon section 202, C. O. S. 1921 (sec. 112, O. S. 1931):

"An action, other than one of those mentioned in first three sections of this article, against a corporation created by the laws of this state, may be brought in the county in which it is situated, or has its principal office or place of business, or in which any of the principal officers thereof may reside, or be summoned, or in the county where the cause of action or some part thereof arose."

Herein plaintiff relies upon section 5441, C. O. S. 1921 (section 125, O. S. 1931):

"Any foreign corporation, doing business in the state of Oklahoma, and any person now or hereafter having any cause of action against such corporation, arising on contract, tort, or otherwise, may file suit in any county in the state of Oklahoma, where the plaintiff resides or where said corporation has its principal place of business, or has property, or in any county where said corporation has an agent appointed upon whom service of summons or other process may be had."

These are essentially venue statutes. A similar provision is contained in article 9, sec. 43, Constitution of Oklahoma:

"Suit may be maintained against a foreign corporation in the county where an agent of such corporation may be found, or in the county of the residence of plaintiff, or in the county where the cause of action may arise."

Consequently a suit may be maintained in Washington county against this defendant foreign corporation. but such a conclusion is far from a determination that a suit may be maintained in a justice court of Washington county, wherein the corporation is the sole defendant and wherein jurisdiction of such sole defendant rests upon service to another county.

Section 895, C. O. S. 1921 (section 862, O. S. 1931), provides:

"The jurisdiction of the justices of the peace in all civil matters shall be co-extensive with the county in which they are elected: Provided, that in all actions against two or more defendants jointly or jointly and severally liable. such actions may be brought before any justice of the peace of the county wherein either of the defendants shall reside or may be summoned; and such justice shall have power and is hereby authorized to issue a summons directed to the sheriff of any other county for service to bring in all codefendants who may be served in such county; and upon service of such summons, the justice before whom the action is pending shall have as full jurisdiction as to all the defendants as he would have in cases where all the defendants reside in the county where the action is brought."

Jurisdiction in the justice court of Washington county, under the facts stated, depended upon service of summons upon the defendant corporation; power and authority of the justice of the peace to issue a summons directed to the sheriff of any other county for service upon the defendant corporation depended upon there being two or more defendants, jointly or jointly and sev-

erally liable, and one of whom is required to be a resident of the county or subject to summons.

It is apparent that the justice court was without jurisdiction to render the particular judgment.

At common law no court had power to issue process to be executed beyond the limits of its territorial jurisdiction. The authority to do so is statutory. 5 C. J. 450; 15 R. C. L. 363; Jefferies v. Newblock, 56 Okla. 320, 155 P. 1150; section 1062, C. O. S. 1921 (making provisions of the chapter on Civil Procedure, which are in their nature applicable to the jurisdiction and proceedings before justices of the peace, in the absence of special statutory provisions, applicable to proceedings before justices of the peace), does not apply so as to authorize the issuance of summons by a justice of the peace to be served in another county, where there is but a single defendant, because of the special restrictive provision, supra, applicable to justices of the peace.

Statutes conferring jurisdiction upon justices of the peace are to be strictly construed. St. Louis & S. F. Ry. Co. v. Couch, 28 Okla. 331, 114 P. 694; Hocker v. Carroll, 35 Okla. 290, 129 P. 56; Ex parte Davis, 124 Okla. 241, 255 P. 154; Rhyne v. Manchester Assur. Co., 14 Okla. 555, 78 P. 558.

Section 18, art. 7, Const. of Oklahoma, creates the office of justice of the peace, and provides for its jurisdiction by stating:

"Until otherwise provided by law, courts of justices of the peace shall have, co-extensive with the county, jurisdiction * * * concurrent with the county court in civil cases where the amount involved does not exceed two hundred dollars."

The restrictive provision of law contained in section 862, supra, is effective to bar the judgment rendered. Haney v. DeLong, 58 Okla. 176, 159 P. 468; Canadian Valley Bank v. Cook, 118 Okla. 158, 247 P. 370; Leiber v. Argaubright, 25 Okla. 177, 105 P. 341. Such is the rule in Kansas. State ex rel. Doolittle, Co. Atty., v. Brayman, 35 Kan. 714, 12 P. 111; Limerick et al. v. Gorham et al., 37 Kan. 739, 15 P. 909; Parker Grain Co. v. C., R. I. & P. Ry. (Kan.) 78 P. 406; Ludvickson et al. v. Severy State Bank et al. (Kan.) 182 P. 396. And in North Dakota, Searl v. Shanks (N. D.) 82 N. W. 734; and

Iowa, Boyer v. Moore, 42 Iowa, 544; Gates v. Wagner, 46 Iowa, 355; Porter v. Welsh (Iowa) 90 N. W. 582. See, also, Bank of Gassaway v. Stalnaker (W. Va.) 71 S. E. 183; White v. Deegan (W. Va.) 141 S. E. 396; Leadbetter v. Kendall (Ark.) Fed. Cas. No. 8157 a.

Judgment reversed, with directions to the district court to reverse and set aside the judgment of the justice of the peace.

McNEILL, C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.