## COLLINS-DIETZ-MORRIS CO. et al. v. CRIST et al.

No. 26695. Nov. 10, 1936.

Rehearing Denied Jan. 19, 1937.

Second Petition for Rehearing Denied March 16, 1937.

Tomerlin, Chandler & Shelton and Richard W. Fowler, for plaintiffs in error.

Jeff H. Williams, for defendants in error.

McNEILL, C. J. This action involves the jurisdiction of a justice of the peace in issuing a garnishment summons outside of his county and whether the answer of such garnishee, without objecting to the defects or jurisdiction, conferred jurisdiction upon the justice court.

In April, 1934, L. W. Lane was engaged in the grocery business in Rush Springs, Grady county, Okla. He became indebted to various wholesale concerns. He owed plaintiff in error, Collins-Dietz-Morris Company, on open account, the sum of $193.68; Scrivner-Stevens Company, cross-plaintiff in error, on open account, $83.46, and George Crist, defendant in error, plaintiff below, on a note and mortgage in the sum of $401.90.

On April 12, 1934, Lane executed said note and mortgage covering the fixtures and stock of goods in his place of business, which were insured against loss by fire with the Citizens Insurance Company, a foreign corporation, in a sum in excess of $1,000. Shortly thereafter, on April 28, 1934, the goods, etc., were destroyed by fire, and two days thereafter, on April 30, 1934, Lane assigned $264.26 of the proceeds of his insurance policy to Tyler-Simpson Company, a foreign corporation, with the condition that any surplus over and above said amount would be the property of Lane and was to be paid to the creditors of Lane as he might direct.

On May 5, 1934, said Collins-Dietz-Morris Company filed suit in a justice court in Rush Springs, Okla., against Lane, and caused garnishee summons to issue to said Citizens Insurance and also to the Tyler-Simpson Company, directing the sheriff of Oklahoma county to serve the respective service agents of said companies in Oklahoma county.

On May 17, 1934, Scrivner-Stevens Company filed its suit in a justice court in Chickasha, Grady county, Okla., against Lane, following the same procedure as the justice court in Rush Springs, and in both cases personal service was had upon Lane.

Lane appeared in both suits and allowed a default judgment to be taken against him. Answers were filed and the garnishees denied owing Lane any money or having any property in their possession or under their control belonging to him. Plaintiffs elected to take issue with the answers of the garnishees.

In September, 1934, George Crist, mortgagee, and defendant in error herein, filed his petition in the district court of Grady county, against L. W. Lane, Citizens Insurance Company, Tyler-Simpson Company, Collins-Dietz-Morris Company, Scrivner-Stevens Company, and other judgment creditors of Lane. In that action Crist prayed for judgment on his note, setting up his chattel mortgage as a lien on the fixtures and stock of goods or in the alternative as a lien upon the proceeds of the fire insurance policy. Thereafter Lane and the Citizens Insurance Company answered and disclosed that the sum of $664.89 was the adjusted settlement due from the insurance company to Lane under the policy and that on January 4, 1935, the insurance company sent a check for said amount to its attorney at Chickasha to hold pending the outcome of the litigation, and said attorney turned the check over to the clerk of the district court of Grady county to abide the judgment of the court as to its distribution.

It also appears that on January 9, 1935, Crist caused to be issued out of the district court of Grady county garnishment summons to said attorney, the clerk of the district court, and Tyler-Simpson Company.

The cause came on for trial before the Honorable Will Linn, district judge of Grady county, all parties having stipulated as to the facts, and the court rendered judgment holding that the garnishment processes of the Collins-Dietz-Morris Company and Scrivner-Stevens Company issued out of the jus-

tice court and directed to garnishees non-residents of the county were void and of no force or effect; that the answer of said non-resident garnishees could not in effect waive the jurisdiction of the subject-matter. The court also held that the garnishment process of the defendant in error, George Crist, was in fact the first valid and legal garnishment process because it was issued out of the district court, a court of general jurisdiction and in pursuance of statutory authority.

The court rendered judgment in accordance with its findings and adjudged and decreed that George Crist have judgment against Lane for the sum of $441.99, with interest, and directed that, after the payment of assignment in favor of Tyler-Simpson Company in the sum of $264.26, and court costs, the said Crist should have a first lien upon the balance of said fund.

The judgment creditors, plaintiffs in error, perfected this appeal. Various specifications of error are urged, but we consider the jurisdictional question as to whether a justice of the peace has authority to issue a garnishee summons outside of his county as being decisive of the instant case.

Section 894, O. S. 1931, provides for garnishment proceeding before a justice of the peace. It provides as follows:

"* * * When the plaintiff * * * shall make oath, in writing, that he has good reason to and does believe that any person or corporation, to be named, and within the county where the action is brought, has property of the defendant * * * in his possession, or is indebted to him. * * *"

In the case of St. Louis & S. F. Ry. Co. v. Couch, 28 Okla. 331, 114 P. 694, this court, speaking through Mr. Justice Kane, said:

"It is well settled that statutes conferring jurisdiction upon justices of the peace are to be strictly construed, and are not to be aided or extended by implication beyond their express terms. Sims v. Kennedy, 67 Kan. 383, 73 P. 51."

See, also, Hocker v. Carroll, 35 Okla. 290, 129 P. 56; Jeffries v. Newblock, 56 Okla. 320, 155 P. 1150; Stuart State Bank v. Waters, 105 Okla. 178, 232 P. 70. Shinn on Attachment and Garnishment, vol. 2, page 1005, sec. 610, announces the following rule:

"Appearance does not give jurisdiction.—It is a well-recognized principle of the law of garnishment that the garnishee must stand indifferent to both the plaintiff and the defendant and that he can do nothing to aid either party in the suit. Upon this principle a garnishee cannot voluntarily waive or accept service of the proceedings required by law to make a seizure of effects or property in his hands. And if the garnishee is not legally served, nothing has been attached by the process of garnishment when the attachment proceeding is void. It is essential in order to bind the creditor (the principal defendant) whose claim is sought to be appropriated by process of garnishment that there should be service thereof, and such principal defendant will not be bound by an independent and spontaneous admission of his rights by his debtor—the garnishee. Garnishment is a compulsory novation which the law can alone initiate by the intervention of its own substantial appointments. The court does not obtain jurisdiction over the debt sought to be seized without sufficient service upon the garnishee, for acceptance of service by the garnishee is not an attachment. The garnishee by appearing and answering cannot waive objections to the jurisdiction. Jurisdictional defects can be taken advantage of even in a collateral proceeding. * * *

"Irregularities and insufficiencies alone can be waived.—The voluntary appearance and answer of the garnishee will, however, waive all clerical errors or other irregularities in the writ and return and all mere insufficiencies in the manner in which he is brought into court. The appearance of the defendant and his entering upon the trial will likewise waive all objections to prior irregularities."

Professor Rood on Garnishment, page 283, sec. 221, states as follows:

"* * * In garnishment proceedings, all the statutory prerequisites to commencement of suit are jurisdictional, and must be strictly complied with. Every direction of the statute before jurisdiction acquired must be followed, every requirement performed, and for every step taken, up to this time, at least, authority must be found in the statute under which the proceedings are conducted, or the whole matter will be coram non judice, and void. * * *"

See People's Wayne County Bank v. Stott, 246 Mich. 540, 224 N. W. 352; also, Axman v. Dueker et al., 45 Kan. 745, 26 P. 946, wherein the Supreme Court of Kansas announced that some of the decisions are conflicting, and that, although some of the states have held that the appearance and answer of the garnishee waives any objection that might have been taken to the notice which directed that no money in the hands of the garnishee be paid to the defendant until so ordered by the court and the sufficiency of such service, yet it did not care to go to the extent of some of the cited authorities in reference to voluntary appearance by the garnishee.

The fact that the garnishee may appear and answer without raising any objection to

the jurisdiction of the court cannot confer jurisdiction upon the justice of the peace in respect to the property, debt, or res sought to be garnisheed. In garnishment proceedings the statutory prerequisites to the commencement of the suit are jurisdictional, and before a justice of the peace can acquire jurisdiction over the property in the possession or control of the garnishee, there must be legal service upon the garnishee. The service in the case at bar on the garnishees was void, and the justice of the peace was without power or authority to issue a process in garnishment to be served on a defendant in a county other than the county where the action was brought, and such process, being void, attached nothing, and said justice of the peace could render no valid judgment thereon.

We conclude that the judgment of the trial court should be, and the same is hereby, affirmed.

OSBORN, V. C. J., and BUSBY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. RILEY and BAYLESS, JJ., absent.