## WILLIAM TAYLOR v. H. F. NEWBLOCK, *Sheriff of Cleveland County.*

CONTEMPT—*Sufficiency of Judgment.* A judgment or order of court that a defendant stand committed to the county jail until the further order of the court for a contempt in refusing to obey a previous order requiring him to surrender certain promissory notes, adjudged to be the property of another, is illegal and void for uncertainty as to the duration of the punishment, and will not justify the imprisonment.

*Original Proceeding in Habeas Corpus.*

The opinion states the facts.

*S. H. Harris* and *Asp, Shartel & Cottingham*, for petitioner.

*John Franing* and *Cotteral & Hornor*, per contra.

The opinion of the court was delivered by

DALE, C. J.: William Taylor filed his petition in this court for a writ of *habeas corpus*, alleging illegal restraint by H. F. Newblock, sheriff of Cleveland county. The writ was granted, return was made, and from the petition and return we find that the imprisonment of the petitioner arises out of his failure to obey an order of Henry W. Scott, then judge of the district court of Cleveland county, and which order was issued out of said court in a proceeding for divorce.

Briefly stated, the facts are as follows: Elizabeth Taylor brought an action for a divorce and alimony against her husband, William Taylor, and upon a trial a decree of divorce was awarded to her on April 18, 1895, and the cause continued upon the question of alimony until April 27, 1895. On the last named date a judgment was by the trial court rendered awarding the plaintiff in the action alimony out of the property of the husband, and as a part of said alimony, so awarded, the plaintiff was given two promissory notes for $700 each, the notes then being in the possession of the defendant. The defendant was given fifteen days after the rendition of the judgment within which to turn over to the plaintiff the possession of the personal property, including the notes in question, and the judgment for alimony recited

that in case defendant failed to comply with the judgment and order within the time fixed, he would be in contempt of court.

It further appears that on May 14, following the judgment of April 27, Elizabeth Taylor, plaintiff in the divorce proceeding, and in whose favor the judgment for alimony ran, moved the court for an order of delivery of the property set apart to her in the judgment, and that the court granted such motion and directed the sheriff to forthwith take possession of the property and deliver the same to the plaintiff; that the sheriff served the order, but that William Taylor refused to surrender the possession of the two promissory notes heretofore referred to as having been awarded to Elizabeth Taylor. The next proceeding taken in the case appears to have been on June 1, at which time the court, acting upon the affidavit of Elizabeth Taylor, adjudged William Taylor in contempt of court and sentenced him to jail. The affidavit of Elizabeth Taylor does not appear in the record, but we note that the order adjudging the contempt recites the fact of an affidavit having been filed. The order of the court, omitting the caption, is as follows:

"ORDER.

"Now on this 1st day of June, 1895, the same being one of the regular adjourned term days of the district court in and for the county and territory aforesaid, this cause coming on to be heard upon the affidavit of Elizabeth Taylor, asking for an order for contempt of court to issue for the defendant, William A. Taylor, who having refused to obey the order of the court made on the 27th day of April, 1895. The plaintiff appeared in person and by her attorneys, Franing & McLaughlin, and defendant appeared in person and by A. Hutchin, his attorney. Defendant filed motion to dismiss

proceedings for the reason no notice was served upon defendant or his attorney as provided by law, and also demanded a jury to try the cause for contempt. The said motion was duly presented and argued to the court and the same was overruled by the court, to which the defendant excepted. Whereupon, the evidence was adduced and the court being fully advised in the premises:

"It is, therefore, ordered and adjudged, that the sheriff in and for the county of Cleveland, Territory of Oklahoma, take and commit the said William A. Taylor to the jail of Cleveland county, Territory of Oklahoma, and there keep him in close custody until the further order of the court.          H. W. SCOTT, Judge."

Upon this judgment, and without any further order or commitment, Taylor was incarcerated, and it is to relieve against the imprisonment so ordered that this proceeding in *habeas corpus* was instituted.

It is contended: *First.* That the sheriff has no right to restrain the petitioner of his liberty without a written order, warrant or commitment from a court of competent jurisdiction, which writ should state the cause which authorized the sheriff to confine the petitioner, and which should specify a definite length of such commitment. *Second.* That the order of the court is not sufficient in law to justify the imprisonment for the reason that the order was made without authority of law and is wholly void and does not show that the petitioner has been adjudged guilty of any offense against the laws which would warrant confinement in jail or of any contempt of court which would justify punishment of any kind. *Third.* That no accusation in writing accusing petitioner of contempt has ever been filed against him. *Fourth.* That petioner has been confined in jail on account of the order of the court for more than thirty days. *Fifth* and

*Sixth.* That the order made April 27, adjudging the petitioner in contempt, was and is, wholly void and is of no effect for the reason that the case out of which the order had been issued had been finally determined on the 18th day of April, and the court had no jurisdiction to punish for contempt or enforce the final judgment of the court. *Eighth.* That the petioner has never been adjudged to be in contempt for failure to comply with any order of court, and the order to the sheriff directing his confinement is not based upon any final judgment of any proceedings to determine the guilt or innocence of him upon any charge or offense.

At the time the writ was allowed to petitioner, bail was granted, and pending a decision and upon request of counsel the case was continued to permit the filing of briefs in order that the questions involved should receive the careful attention which their importance demands at our hands.

The first question to be disposed of is the authority of this court to entertain this case under the facts stated in the petition for the writ. It is earnestly contended by counsel for defendant that this court, under § 4578 of our statutes, has no jurisdiction to inquire into the legality of the judgment or process whereby the petitioner is in custody. The section of the statute in question is as follows:

"4578. No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody and discharge him when the term of commitment has not expired in either of the cases following:

"First. Upon process issued by any court or judge of the United States or where such court or judge has exclusive jurisdiction; or

"Second.   Upon any process issued on any final judgment of a court of competent jurisdiction; or

"Third.   For any contempt of any court, officer or body having authority to commit; but an order of commitment as for a contempt upon proceeding to enforce the remedy of the party is not included within any of the foregoing specifications;

"Fourth.   Upon a warrant or commitment issued from the district court or any other court of competent jurisdiction upon an indictment or information."

Under the restrictive terms of this statute, it is argued that in as much as the lower court had jurisdiction of the parties and subject matter, and the commitment not having expired, this court cannot question the validity of the same by *habeas corpus*.   Many decisions are cited for the purpose of showing that all irregularities in the proceedings of the lower court are overlooked in an action of this character, and that the question of the validity of the judgment cannot be inquired into in this manner. We shall not take time to discuss these questions, as we fully concede the proposition that if the court had the power to render the judgment and such judgment upon its face is valid, and also had jurisdiction of the defendant, the relief sought could only be obtained by appeal; but our statute does require us to determine if the restraint be without authority of law, and if we so find. it then becomes our duty to discharge from such custody, (Statutes 1893, § 4567).   And in the very section which counsel for defendant contend restricts the power of this court to inquire by *habeas corpus* into the legality of the judgment or process whereby the petitioner is confined in jail, is an exception which we think clearly permits this court to act, because the statute specifically states: "But an order of commitment as for a contempt upon proceedings to enforce the remedy of a party is not included in

any of the foregoing specifications." And the two ques-
tions—first as to jurisdiction, and—second as to the form
of the commitment—are open for consideration and are
presented by the petitioner for decision. (Rapaljae on
Contempt, § 157; *People v. Sheriff, etc.*, 29 Barb. 622).

As to whether or not the court below had jurisdiction
to punish for the disobedience of the order is a question
which we shall not attempt to review in this decision.
There is much in reason to support a judgment of that
character and many courts hold that an order requiring
the payment of alimony or the surrender of property to
carry into effect the final judgment of the court may be
enforced by a judgment as for contempt. (*Wrightman
v. Wrightman*, 45 Ill. 167; *Haines v. Haines*, 35
Mich. 138).

And there is good reason why the power of the court
should thus be upheld. In an action of divorce the law
places the property of the litigants under the jurisdiction
of the court to make such a division and disposition as to
the court may seem proper, and it would seem that after
the court had thus obtained jurisdiction, the power to
speedily and fully enforce its judgments would follow.
Upon the other hand it has been held that divorce, being
a statutory action, the power to punish for contempt does
not obtain, unless it is a part of the statute itself.
(*Coughlin v. Ellert*, 39 Mo. 285; *Gerard v. Gerard*, 2
Barb. 73; *Lansing v. Lansing*, 4 Lans. 377).

But the later decisions of the New York courts seem to
have modified the rule on which they had theretofore
been holding that the court does not possess such power.
(*Isaacs v. Isaace*, 61 How. [N. Y.], 369).

But in as much as the question is unsettled and we
have not the time to devote to the subject which its im-
portance demands, and it being unnecessary to reach a

conclusion upon this feature of the case, we will pass it and determine the validity of the commitment or order upon which the petitioner is held in custody.

It will be observed upon an inspection of the order that the petitioner was adjudged to be in contempt and sent to the jail until the further order of the court. There is no definite time fixed by which it may be determined how long he shall remain in the jail. The period of his incarceration does not depend upon time or the happening of any event, in fact it appears to be contingent upon the will or pleasure of the court pronouncing the sentence. It always has been the theory of the law that punishment should be for a fixed period of time, where it is assessed as a penalty, or if the imprisonment is to compel a witness to testify or to compel a person to do a specific act then the imprisonment is fixed as of the time when he shall obey the order of the court and perform such act. This view of the law is upheld by numerous authorities and is, we think, correct in principle.

In the case of *People ex rel. Hempley v. Pirfenbrink,* 96 Ill. 68, upon this subject the court states the law as follows:

"All judgments must be specific and certain; they must determine the rights recovered or the penalties imposed. They must be such as the defendant may readily understand and be capable of performing. If his committal had been for a definite period or until he should perform a specific act, then the judgment would have been capable of being reviewed on error, but on such a judgment as this the appellate court cannot know the duration of the imprisonment and determine whether the confinement is reasonable or is oppressive and wrong. Whether it is to extend to days, weeks, months, years or for life none can certainly know; that is still in the breast of the judge and is by its terms to be determined

in the future—not for a trial or for the performance of any act but it depends alone on the will of the judge. Had this order been simply erroneous, we could have no power to discharge; in such a case error or appeal is the only remedy, but it is otherwise where the judgment or process are void."

In *Wittem v. State*, 36 Ind. 196, the same doctrine obtains and in this case the court quotes approvingly from *Ex parte Alexander*, 2 American Law Register, 44, this statement:

"Is it necessary that the courts in this country should have the power to commit until further order of the court? I cannot find it. I can see no call for it. I can see danger in it; and the law should not make danger where there is no necessity. A freeman should never, by the laws of freemen, be placed in such dreary uncertainty of imprisonment as that when he inquires of the 'law of the land' it cannot tell him when it shall end. No absolute power lives in this country. It cannot exist in a republic. Suppose the court should adjourn without having made any further order, the consideration of the case is cut off at once and entirely until the next term. So he must be left without any authority of the judiciary even to mediate his case. And a person commited for contempt cannot be bailed."

To the same effect is *State v. Galloway and Rhea*, 98 Amer. Dec. 404.

We have no doubt that the order upon which the petitioner is confined in jail is void for uncertainty in that it does not fix the duration of the punishment, and for that reason the petitioner is released from the judgment imposed in the order.

Keaton, J., having been of counsel in the cause, not sitting; all the other Justices concurring.