*In the Matter of the Application of* JOHN CURTIS *for a Writ of Habeas Corpus.*

(Filed Feb. 8, 1901.)

CONTEMPT—*Punishment.* A judgment or order of the court that the defendant by committed to the county jail until he obeys said order, and until the further order of the court or judge thereof, upon a conviction for contempt in refusing to obey an order of the court requiring him to pay certain permanent alimony, is void for the reason that the duration of sentence is indefinite and uncertain.

(Syllabus by the Court.)

*Original Proceeding in Habeas Corpus.*

*Warren* and *Maurer*, for petitioner.

*J. C. Strang, Attorney General*, for respondent.

Opinion of the court by

HAINER, J.: This is an original proceeding in this court for a writ of *habeas corpus*. It appears from the petition and the return of the sheriff that on the 21st day of March, 1900, in a certain action then pending for divorce in the district court of Canadian county, wherein one J. Maude Curtis was plaintiff and the said petitioner, John Curtis was defendant, upon due notice to said defendant, John Curtis, an order was made by said court and entered of record commanding the said defendant to pay to the clerk of said court the sum of fifteen dollars on or before the 25th day of March, 1900, as permanent alimony for the support and maintenance of one Andy Cur-

tis, the infant child of said J. Maude Curtis, and also the sum of fifteen dollars on the 25th day of each and every month thereafter, and also the sum of twenty-five dollars on or before the first day of April, 1900, as reasonable attorney's fees for the plaintiff's attorneys. It further appears that afterwards, to-wit, on the 11th day of June, 1900, the plaintiff by her attorney filed her information in said court showing that the said defendant, John Curtis, although able to comply with said order, had refused to do so; and that, thereafter, to-wit, on the 19th day of June, 1900, a hearing was had before said district court of Canadian county, Oklahoma Territory, on said matter, and after hearing said matter and the court being fully advised in the premises ordered that the said John Curtis be committed to the county jail of said Canadian county, "until he obeyed said order, and until the further order of the court or judge thereof."

The petitioner sets up four grounds upon which he seeks to be discharged by this court. We think it is only necessary to consider one of them and that is the fourth ground, which is as follows:

"Because the order of commitment does not allow the defendant to be released upon complying with the order of the court, but must await the further order of the court, and depends upon the court, or judge thereof, when the defendant may be released; because the term of imprisonment is thus made dependent upon the further order of the judge or court, and is indefinite."

It will thus be seen that the order of commitment provides that the petitioner herein shall be confined in the county jail of Canadian county, Oklahoma Territory, "until he obeys said order, and until the further order of the court or judge thereof." And hence, this proceeding

comes clearly within the rule laid down by this court in *Taylor v. Newblock,* 5 Okla. 647, where it was held that:

"A judgment or order of court that a defendant stand committed to the county jail until the further order of the court for a contempt in refusing to obey a previous order requiring him to surrender certain promissory notes, adjudged to be the property of another, is illegal and void for uncertainty as to the duration of punishment, and will not justify the imprisonment."

We therefore hold that the order of commitment of the court that the defendant be confined in the county jail until he obeys said order, and until the further order of the court or judge thereof, upon a conviction for contempt in refusing to obey an order of the court requiring him to pay certain permanent alimony, is void, for the reason that the duration of sentence is indefinite and uncertain.

Whether the court or judge thereof has the power to commit a person for failure to comply with the final judgment or order of the court in awarding permanent alimony, is a question that has not been briefed or discussed by counsel, and we therefore express no opinion thereon.

The writ of *habeas corpus* is therefore awarded and the petitioner is discharged.

Irwin, J., who presided in the court below, not sitting; all of the other Justices concurring.