### JEFFRIES *et al.* v. NEWBLOCK.

No. 6706. Opinion Filed March 7, 1916.

(155 Pac. 1150.)

1. **JUSTICES OF THE PEACE—Nature of Office—Scope of Authority.** A justice of the peace court is one of limited jurisdiction, and the authority to be exercised by the justice is derived from the statute.

2. **SAME—Judgment—Default—Vacation.** A justice of the peace can vacate a judgment by default under the provisions of the statute (section 5459 Rev. Laws 1910).

3. **SAME.** In order for a justice of the peace to vacate a judgment by default, the application therefor must be filed within the time named by the statute, and, if filed after that time, the justice has no jurisdiction to grant the relief.

4. **SAME—Appeal—Jurisdiction of Appellate Court.** An appeal to the district court from an order of the justice refusing to vacate a judgment rendered by default where application was filed therefor after the expiration of ten days from date of judgment cannot invest the district court with jurisdiction to vacate said judgment.

(Syllabus by Hooker, C.)

*Error from District Court, Pontotoc County;*
*Tom D. McKeown, Judge.*

Action by E. I. Newblock against J. L. Jeffries and others. Judgment for plaintiff, and defendants appeal. Affirmed.

*C. F. Green,* for plaintiffs in error.

*J. W. Dean,* for defendant in error.

Opinion by HOOKER, C. From an examination of the record it appears that on the 19th day of June, 1913, the defendant in error recovered a judgment against the plaintiffs in error by default upon a promissory note in a justice's court of Pontotoc county, and that thereafter, on the 18th day of August, 1913, the plaintiffs in error filed a motion in the justice's court to have said judgment vacated and set aside for the reasons set forth therein, and that on the 5th day of September, 1913, the justice overruled said motion, whereupon the plaintiffs in error prepared a bill of exceptions to the district court of Pontotoc county, which came on for hearing on the 14th day of February, 1914, and on said date the judge of the district court decided adversely to them and refused to vacate said judgment, and to reverse the judgment of the district court the plaintiffs in error have appealed to this court.

This appeal involves the powers of the justice of the peace. 24 Cyc. p. 403, is to the effect that:

"The office of a justice of the peace is one of great antiquity, and the jurisdiction of justices of the peace has varied from time to time depending either upon the terms of their commission or particular statutes. Justices of the peace were originally mere conservators of the peace, exercising no judicial function. It is said that by the Statute of 1 Edw. III, which is the first statute that ordains the assignment of justices of the peace by the King's commission, they had no other power but only to keep the peace.

But gradually their powers were enlarged, and they came to constitute a very important agency in the administration of local government in England. They were invested with judicial powers for the first time, it seems, by the Statute of 34 Edw. III, c. 1."

The same author (page 416) lays down the rule that:

"The powers of a justice of the peace are statutory, and cannot be extended by construction." *Cassidy v. Brooklyn,* 60 Barb. (N. Y.) 105, affirmed in 47 N. Y. 659; *Brownfield v. Thompson,* 96 Mo. App. 340, 70 S. W. 378; *Searl v. Shanks,* 9 N. D. 204, 82 N. W. 734.

And on page 417 it is said:

"The judicial functions and duties of justices of the peace are confined and limited by statute, and the powers thereby conferred must be strictly construed."

See authorities in the note cited on that page.

The same author at page 440 says:

"The civil jurisdiction of justices of the peace is purely of statutory origin, and the statutes conferring jurisdiction will not be aided or extended by inference or implication beyond their express terms."

See authorities cited at note 71 of that page.

Likewise on page 604 the rule is laid down as follows:

"Except where authority is conferred on justices of the peace to grant new trials, the weight of authority is to the effect that they have no power to change or in any manner interfere with judgments which they have rendered."

See authorities in notes cited.

From the foregoing authority it must be apparent that the jurisdiction of a justice of the peace is purely statutory, and that the powers which he may exercise are

conferred by statute, and to determine whether or not a
justice of the peace has authority to do a particular thing
it is a settled rule of law that one must be able to point to
some statute giving to him the right to do what it is con-
tended he has the right to do.

Our statute dealing with the right of a justice of the
peace to set aside a judgment is as follows (section 5459,
Rev. Laws 1910):

*"Default Set Aside When.*—When a judgment shall
have been rendered against a defendant, in his absence,
the same may be set aside upon the following conditions:
(1) That his motion be made within ten days after such
judgment was entered. (2) That he pay or confess judg-
ment for the costs awarded against him. (3) That he file
an affidavit that he has a just or valid defense to the
whole, or some part, of the plaintiff's claim. (4) That he
notify, in writing, the opposite party, his agent or attor-
ney, or cause it to be done, of the opening of such judg-
ment, and of the time and place of trial, at least five days
before the time, if the party resides in the county, and if
he be not a resident of the county, by leaving a written
notice thereof at the office of the justice, ten days before
the trial."

By this statute it is clear that the motion to vacate
a judgment must be filed within ten days after such
judgment was entered. In the case at bar the judgment
was rendered by default on the 19th day of June, 1913, the
motion to vacate was filed the 18th day of August, 1913,
and it is apparent that the justice of the peace, under the
statute, did not have the authority to vacate said judg-
ment, as the justice had lost jurisdiction of said cause, and
the plaintiffs in error, by their failure and negligence,
had suffered the time within which a judgment by default
could be vacated to expire.

Having determined that the justice of the peace was without authority to vacate this judgment, it follows that the district court also, with appellate jurisdiction of this case, was powerless to render the relief sought, as the appeal was not had until the time allowed by statute for appeals had expired.

There being no error in the record, we recommend that the judgment be affirmed.

By the Court: It is so ordered.