### Ex parte DAVIS.

No. 18210—Opinion Filed April 12, 1927.

(Syllabus.)

**1. Criminal Law—Commitment Void for Indefiniteness.**

A commitment issued by a justice of the peace and directed to the sheriff, commanding him to receive the defendant into his custody, and retain him "until he is legally discharged," is void because indefinite and uncertain as to the duration of the term of imprisonment.

**2. Same—Justices of the Peace—Jurisdiction not Presumed.**

A justice of the peace court is a court of inferior and limited jurisdiction, and not a court of record. The jurisdiction of such a court to make a particular order will not be presumed, but must affirmatively appear from the face of the proceedings; and a commitment which fails to recite the essential jurisdictional facts upon which the same is based is void.

**3. Habeas Corpus—Relief from Imprisonment Under Void Commitment.**

Where one is imprisoned under a void commitment, this court will afford relief by habeas corpus.

Petition of E. Byrd Davis for a writ of habeas corpus to secure his release from the custody of the sheriff of Oklahoma county. Writ allowed.

H. J. Mackay, for petitioner.

Harlan T. Deupree, for respondent.

PER CURIAM. Herein is presented an application of E. Byrd Davis for a writ of habeas corpus to secure his release from the custody of the sheriff of Oklahoma county. The facts are, briefly, as follows: Archer & Bryden, a mercantile corporation of Oklahoma City, brought a suit in replevin against the petitioner and his wife, wherein it seeks to recover possession of a lady's fur coat. On March 23, 1927, W. J. Waite, a justice of the peace for the Oklahoma City district, issued a writ of replevin, summons in replevin, and an attachment for the petitioner. All three of these orders were issued simultaneously, the attachment being, according to its terms, for the purpose of securing the attendance of petitioner at a hearing, and stating that he had refused to appear although subpoenaed. The constable attempted to execute the replevin writ, but was unable to locate the property. Thereupon, under authority of the attachment, the constable took the petitioner into custody and brought him before the justice of the peace. The justice demanded to know where the replevied property was, and petitioner either refused to disclose its whereabouts or informed the justice that he did not know where it was. There is some dispute as to whether petitioner refused to disclose this information, or merely stated that he did not have information as to the location of the property involved, but it is immaterial in the consideration of this petition which of such contentions is correct. Thereupon the plaintiff filed an affidavit to the effect that petitioner was knowingly concealing the property in question, and praying that he be committed until disclosure was made. Upon this affidavit, and proceeding under section 956, C. O. S. 1921, the justice of the peace issued a commitment, directing the sheriff to take the petitioner into custody. The said section 956, supra, reads as follows:

"Whenever it shall be made to appear to the satisfaction of the justice, by the affidavit of the plaintiff, or otherwise, that the defendant, or any other person, knowingly conceals the property sought to be recovered, or, having control thereof, refuses to deliver the same to the officer, the justice may commit such defendant, or other person, until he or they disclose where such property is, or deliver the same to the officer."

The petitioner questions the constitutionality of this section of our statute, but, the view we take of the application, it is not necessary for us to, at this time, consider the validity of the said section.

The commitment under which the petitioner was taken into the custody of the sheriff, omitting the caption, reads:

"An order having this day been made by me that E. Byrd Davis be committed to the county jail until he disclosed the whereabouts of certain property, to wit: One lady's coat, the property of Archer and Bryden.

"You are commanded to receive him into your custody and retain him until he is legally discharged."

It is the contention of the petitioner that this commitment is void, for the reason that it is uncertain and indefinite as to the duration of the incarceration, and provides no means for the termination thereof.

It was held in Taylor v. Newblock, 5 Okla. 647, 49 Pac. 1114, and in Ex parte Curtis, 10 Okla. 660, 63 Pac. 963, that a commitment which directs the officer to retain the defendant in his custody until further order of the court is void. In Taylor v. Newblock, supra, this court said:

"It always has been the theory of the law that punishment should be for a fixed period of time, where it is assessed as a penalty, or if the imprisonment is to compel a witness to testify or to compel a person to do a specific act, then the imprisonment is fixed as of the time when he shall obey the order of the court and perform such act. This view of the law is upheld by numerous authorities and is, we think, correct in principle."

The commitment in the instant case directs the sheriff to receive the petitioner and "retain him until he is legally discharged." This language is analogous to the language used in the commitment under consideration in the cases cited, supra, where the direction was to retain the defendant until the further order of the court. In the commitment here, no definite period of imprisonment is fixed, nor is the discharge of this petitioner made to depend upon the performance of any act by petitioner, or upon the happening of any event. The term "legally discharged" might be susceptible of any one of several constructions, and is, in our opinion, so vague and indefinite as to render it impossible to ascertain when the period of detention is to terminate. It is true that the order of commitment recites that an order has been made that petitioner be committed to the county jail until he disclosed the whereabouts of the property, but the authority of the sheriff to retain the petitioner must be found in the last sentence, which directs that said petitioner be retained in custody until legally discharged. It is our

conclusion that the language used in the commitment in the instant case falls within the rule announced in the cases above cited, and that by reason of the fact that the commitment is uncertain and indefinite as to the duration of the term of imprisonment, it is void and of no legal effect.

Even if the commitment were sufficiently definite as to the duration of the term of imprisonment, in our opinion the said instrument, taken as a whole, is insufficient in law to authorize the detention of the petitioner. The justice of the peace court of this state is a court of limited and inferior jurisdiction, and not a court of record. The rule with relation to such courts is that jurisdiction will not be presumed, but must affirmatively appear from the face of the record. 15 R. C. L. 881, paragraphs 359 and 361, and cases there cited. Before a justice of the peace is authorized to commit a defendant for concealment, under section 956, supra, it must appear "to the satisfaction of the justice" that the defendant knowingly conceals the property, or refuses to deliver it to the officer. This statute contemplates that before a party can be punished for a violation thereof, it must satisfactorily appear that it is within his power to make the disclosure, and that he refuses so to do. Upon this determination depends the jurisdiction of the justice court to commit the defendant; and the justice court being a court of inferior jurisdiction, it was necessary that this essential jurisdictional fact be alleged and set out in the commitment.

In Ex parte Robertson, 27 Tex. Civ. App. 628, the Texas court was considering an application for habeas corpus presented by one committed for contempt by a justice of the peace. The court, in holding that the judgment and commitment were void because they omitted the essential recital that it was within the power of the relator to perform the act, said:

"* * * An inspection both of the judgment and of the writ of commitment shows them each to be wanting in the essentially requisite allegation that it was within the power of the defendant Robertson to perform the act required of him by the writ of sequestration issued to him for execution, to wit, that it was in his power to execute the same. Unless this matter sufficiently appears, it is beyond the jurisdiction of the court to render a judgment for such contempt: and, it being essential to the validity of the judgment, the judgment itself should recite the fact. Failing to recite this essential fact, the judgment is void."

The commitment in the instant case no-

where contains a recital that it is within the power of the petitioner to comply with the order of court that he disclose the whereabouts of the property involved, nor is there a recital contained therein that the defendant failed to make such disclosure. Failing to recite the essential jurisdictional facts, the commitment is void and of no legal effect.

The commitment being void, no authority exists for the further detention of the petitioner. The writ is, therefore, allowed, and the petitioner, E. Byrd Davis, is hereby released and discharged from further custody. .

Note.—See under (1) 16 C. J. p. 1329, §3123; (2) 35 C. J. pp. 488, 489, §57; p. 548, §122; 16 R. C. L. p. 367: 3 R. C. L. Supp. p. 565. (3) 29 C. J. p. 68, §55; 12 R. C. L. p. 1210; 6 R. C. L. Supp. p. 743.