## Ex parte HAZEL FLIPPO.

No. A-9308.   April 30, 1937.
(67 Pac. [2d] 976.)

C. F. Gowdy, for petitioner.

Mac Q. Williamson, Atty. Gen., for the State.

PER CURIAM.   This is an original petition wherein the petitioner, Hazel Flippo, alleges that she is restrained of her liberty, and is unlawfully imprisoned in the county jail of Tulsa county, Okla., by A. Garland Marrs, sheriff of said county.

"That the cause of said restraint according to the best of her knowledge and belief is an order of the Judge of the Court of Common Pleas of Tulsa County called 'Commitment for Punishment' issued in case No. 31870 on the 14th day of April, 1937, copy of said purported commitment hereto attached, marked Exhibit 'A,' and

made a part of this petition the same as if written herein in full; that your petitioner was the prosecuting witness against her husband, the defendant in said case No. 31870, a felony charge of abandonment; that she had been misinformed as to his alleged abandonment and at the preliminary hearing could not give evidence in support of the charge whereupon the court ordered her to jail for failure to pay the costs which he ordered taxed against her."

The purported commitment, a certified copy of which is attached to the petition, is as follows:

"Commitment for Punishment

"State of Oklahoma v. Hazel Flippo, Prosecuting Witness.

"No. 31870.

"Order of Commitment

"State of Oklahoma, County of Tulsa—ss.

"To the Sheriff of Tulsa County, Oklahoma, or any other officer authorized to serve process:

"Greeting:

"Whereas, on the 14th day of April, 1937, Hazel Flippo the above named defendant was brought before the undersigned Judge of the court of common pleas on a charge of to pay costs and after an impartial trial was found guilty as charged and as punishment therefor it was ordered that said defendant pay to the state of Oklahoma a fine of $——; that he be confined in the Tulsa county jail for a term of     until costs is paid     days and that he be adjudged to pay the costs of this action, adjudged at $——.  You are therefore commanded to receive the said defendant into your custody and confine him in the jail of Tulsa county for     days and until such fine and costs are paid and if he fail to pay said fine and costs then for an additional term of one day for each dollar of the fine and costs aforesaid, viz., for     days.

"You will make due return on this writ with your doings endorsed thereon.

"Dated at Tulsa, Oklahoma, this 14th day of April, 1937.

"Grady S. Cornett,

"Judge of the Court of Common Pleas."

Indorsed on Back:

"Criminal No. —— Commitment for Punishment

"Court of Common Pleas, Tulsa County, Oklahoma.

"State of Oklahoma, vs. ————

"Issued —— 193—

"Term to be confined —— days.

"Fine ———— $——

"Costs ———— $——

"Executed the within writ 4-14-1937.

"A. Garland Marrs, Sheriff, Ed Erwin, Jailor.

"I hereby certify the within to be a true copy of the original writ with all the endorsements thereon.

"A. Garland Marrs, Sheriff,

"Tulsa County, Oklahoma

"By Lane Poe, Deputy."

The commitment is void for uncertainty. No one could read this commitment and tell what amount of costs had been taxed against the petitioner or why it was taxed, if taxed at all. The commitment is practically a blank.

If the allegations in the petition are true, A. Garland Marrs, sheriff of Tulsa county, illegally and unlawfully holds the petitioner. No response has been filed by the sheriff, but the commitment herein set forth is certified by the sheriff as being correct.

It appears from the statement in petitioner's petition that she was a witness in No. 31870, a felony charge of abandonment, and in the taking of the testimony she

could not give evidence to support the charge of abandonment, whereupon the court ordered her to jail for failure to pay the costs which he ordered taxed against her.

We have searched in vain to find any statute giving the court authority to commit a witness to jail until costs, as stated in the commitment, are paid. Section 2805, O. S. 1931 (22 Okla. St. Ann. §263), is as follows:

"If the defendant on a preliminary examination for a public offense be discharged as provided in the last section and if the magistrate find that the prosecution was malicious and without probable cause, he shall enter such judgment on his docket and tax the costs against the complaining witness which shall be enforced as judgments for costs in criminal cases, and execution may issue therefor."

The purported commitment fails to show what the action of the court was as to whether or not he entered a judgment against the petitioner, Hazel Flippo, for a certain amount of costs and ordered her committed until the costs were paid. If the court entered such an order, it would be void and in violation of article 2, section 13, of the Bill of Rights of Oklahoma Constitution, which provides:

"Sec. 13. Imprisonment for debt is prohibited, except for the nonpayment of fines and penalties imposed for the violation of law."

Considering the facts we are of the opinion that the commitment upon which the petitioner was held by the sheriff of Tulsa county is void for uncertainty, and that the court had no authority under the Constitution and laws of Oklahoma to commit the petitioner to jail for nonpayment of costs in a felony case.

In Ex parte Davis, 124 Okla. 241, 255 Pac. 154, in the third paragraph of the syllabus, the Supreme Court held:

"Where one is imprisoned under a void commitment, this court will afford relief by habeas corpus."

Writ awarded, and petitioner ordered discharged.