## DANNENBURG v. POWERS et al.

No. 28046.  March 29, 1938.

Charles D. Scales, for plaintiff in error.

Keaton, Wells, Johnston & Barnes, for defendants in error.

BAYLESS, V. C. J. G. W. Dannenburg petitioned the district court of Oklahoma county for a writ of prohibition directed to Paul Powers, justice of the peace for Oklahoma City district, and Precision Machine Shop, Inc., a corporation. Upon hearing, the petition was denied, and this appeal resulted.

Dannenburg instituted an action in the court of said justice of the peace April 29, 1937, and the summons issued was returned not served because no officers were in Oklahoma county. May 18, 1937, an alias summons was served upon the company by leaving a copy with a named individual at the place of business. Within a few days judgment was rendered in favor of Dannenburg by default. An execution was issued and returned "nothing found." A garnishee summons was issued, and the garnishee answered that certain funds were being held. More than ten days after the date of the judgment the company filed a pleading called a motion to quash. When it appeared that the justice of the peace intended to hear the motion over the objections of Dannenburg, and probably intended to sustain the motion to quash, Dannenburg instituted the action above mentioned.

Dannenburg makes two contentions, the first of which is that a motion to quash a summons, filed after the judgment has been taken, is not a proper method of attack.

As pointed out in Gregg v. Seawell, 85 Okla. 88, 204 P. 908, the rendition of a judgment in an action necessarily involves the consideration of the issue of jurisdiction based upon service of process, and necessarily is a determination that proper service has been made. The judgment is as much a determination of the issue of service of process as it is a determination of any issue raised upon the pleadings. As pointed out in that opinion, a motion to quash a summons is not the proper step to vacate a judgment on the issue of the validity of service of process. Suppose that in this very case a special appearance and motion to quash had been filed, and upon hearing had been overruled, would it be proper to again raise the issue by simply filing another motion to quash? No. The proper method would be to move to vacate the order. This in itself would involve the same issue. But, so long as the order overruling the motion to quash remains, it is a judgment and must be respected, or attacked, as such. We can see no difference between that instance and the present issue. We hold that a motion to quash a summons, filed after judgment

has been rendered, is not a proper method of attacking the validity of the summons.

The second contention is that a justice of the peace has no authority to entertain a motion to vacate a default judgment filed more than ten days after the rendition of the judgment. The justice of the peace courts are provided for by our Constitution, but their jurisdiction has been left to the general discretion of the Legislature. We have said time and again that they are courts with limited jurisdiction (St. L. & S. F. Ry. Co. v. Couch, 28 Okla. 331, 114 P. 694); that they have such power only as is conferred by statute (Jeffries v. Newblock, 56 Okla. 320, 155 P. 1150), and the statutes conferring powers on them are to be strictly construed, and nothing is to be implied beyond their express terms (C., R. I. & P. Ry. Co. v. Phelps, 28 Okla. 333, 114 P. 695). Such courts are not courts of record. Ex parte Davis, 124 Okla. 241, 255 P. 154.

Power to vacate judgments rendered in a justice of the peace court by default is expressly conferred by section 985, O. S. 1931. The general rule is that no such power exists as of right, but must be expressly conferred. See 35 C. J. 678, sec. 308; 35 C. J. 666, sec. 294. This situation was discussed by this court in Jeffries v. Newblock, supra, and we said:

"By this statute it is clear that the motion to vacate a judgment must be filed within ten days after such judgment was entered. In the case at bar the judgment was rendered by default on the 19th day of June, 1913, the motion to vacate was filed the 18th day of August, 1913, and it is apparent that the justice of the peace, under the statute, did not have authority to vacate said judgment, as the justice had lost jurisdiction of said cause, and the plaintiffs in error, by their failure and negligence, had suffered the time within which a judgment by default could be vacated to expire."

This holding was in strict conformity with the general rules applicable to such courts. The defendant cites a later opinion, McKay v. Hill, 178 Okla. 543, 63 P.2d 715, in which language is used from which a contrary holding may be implied. In that case the motion to vacate the default judgment was filed within the statutory time, and met all statutory requirements, and the discussion alluded to is dictum and should be disregarded in so far as judgments of justice of peace courts are concerned..

We hold that a motion to quash was not

the proper step, and that such motion cannot be treated as a motion to vacate, because it was filed after the ten days allowed and, in addition, does not meet the other statutory requirements. The judgment is reversed, with directions to issue the writ.

Reversed, with directions.

RILEY, GIBSON, HURST, and DAVISON, JJ., concur.