## HOLLAND et al. v. GENERAL MOTORS ACCEPTANCE CORP.

No. 29762. Nov. 12, 1940.

Rehearing Denied Dec. 24, 1940.

Application for Leave to File Second Petition for Rehearing Denied Jan. 14, 1941.

*109 P. 2d 502.*

W. N. Mounger, Jack Cecil Wheeler, and Chas. D. Scales, all of Oklahoma City, for plaintiffs in error.

Pierce, McClelland, Kneeland & Bailey and Robert O. Bailey, all of Oklahoma City, for defendant in error.

GIBSON, J. This is an action on a redelivery bond given in replevin action originally commenced in district court. The bond was for the sum of $1,400. After judgment in said action, and sale of the property on execution, the plaintiff therein, the present defendant in error, commenced the present action in justice court against the principal and his sureties, plaintiffs in error, to recover damages in the sum of $186.

Defendants challenged the jurisdiction of the justice to no avail, and verdict and judgment were for plaintiff. Appeal was lodged in common pleas court, where jurisdiction was again challenged. From a judgment in favor of plaintiff, the defendants appeal.

The only question for determination is whether the justice court in the first instance had jurisdiction of the subject matter of the action.

The defendants, in support of their argument that the court was without jurisdiction, rely primarily on section 865, O. S. 1931, 39 Okla. Stat. Ann. § 84, which provides that in actions founded upon an undertaking given in pursuance of law in any civil proceeding pending before a justice, such justice, or his successor in office, shall

have jurisdiction thereof, where the sum due or demanded on such undertaking does not exceed $200.

The argument is that this section would limit the jurisdiction of justices in actions on statutory bonds to those undertakings posted pursuant to statute in proceedings in their own courts. In support, the defendants cite the constitutional and statutory provisions limiting the powers of such courts, and assert that their jurisdiction is not to be extended beyond the express terms of such provisions. Dannenburg v. Powers, 182 Okla. 404, 77 P. 2d 1142.

Defendants say further that said section 865 was taken from the statutes of Kansas, and that the same has been construed by the Supreme Court of that state at least on one occasion and that their contention here is supported by that decision. Sims v. Kennedy, 67 Kan. 383, 73 P. 51.

Our code of civil procedure in justice court is almost identical with that of Kansas. Our section 865, above, varies from section 5231, Gen. Stat. Kan. 1901, only in the sum due or demanded on the undertaking. The limit under our statute is $200; the limit in Kansas is $500. In Kansas the general jurisdiction of justices in actions for the recovery of money only was limited to $300 (sec. 5229, Gen. Stat. 1901); here the limit is $200. In Kansas an exception to this limitation was granted to the justice in actions on undertakings posted in his own court. In such case the justice could assume jurisdiction where the amount sought to be recovered was not more than $500. But our statute was revised in this particular, and the amount limited to $200 to conform to the general statute governing jurisdiction, section 863, O. S. 1931, 39 Okla. Stat. Ann. § 82. The Kansas statute was purely an exception to the general powers granted by section 5229, above. It does not purport to prohibit actions in justice court on any kind or character of bond except on those where the amount due or claimed exceeded $500. The case of Sims v. Kennedy

merely decides that a justice of the peace to whose court an attachment case has been removed on change of venue may not entertain an action on the attachment bond where said bond has been filed and approved in the first court and writ issued, and where the damage claimed exceeds the general jurisdictional sum of $300, as provided by the Kansas statute, section 5229, supra. There is no indication that the court in that case would have held the justice to be without jurisdiction if the damages claimed had not exceeded $300. And there is nothing in the opinion to indicate an abrogation or limitation of the jurisdiction of justices as conferred by section 5229, above, which limits actions for the recovery of money only to the maximum sum of $300, and by section 5230, Gen. Stat. of Kansas, which specifically authorizes justices to assume jurisdiction of actions on bonds where the balance claimed does not exceed $300.

Our section 864, O. S. 1931, 39 Okla. Stat. Ann. § 83, corresponds to section 5230 of the Kansas statutes, above, except our section specifically authorizes actions in justice court on bonds where the amount claimed does not exceed $200.

As we have said, section 5231 merely created an exception to the jurisdictional sum as fixed by sections 5229 and 5230 by permitting a justice to entertain actions for the recovery of money for the breach of conditions in bonds filed in his own court where the sum due or demanded did not exceed $500. Our corresponding section 865 does not create such an exception. Since the maximum amount is there set at the same figure as provided by the general jurisdictional statute, section 863, above, and as provided by section 864 which authorizes action on bonds, said section 865 is actually of no material significance or force, except, perhaps, to permit a justice to hear and determine, without question, cases instituted on bonds filed in his court and approved by him.

Sims v. Kennedy, above, is not in point for the reason that the plaintiff sought damages in the sum of $360 for the breach of a bond filed in another court when the statutory limit was fixed at $300.

Here the plaintiff sought to recover the sum of $186 for breach of a re-delivery bond. The statutes plainly permit such an action in the justice court where the amount claimed does not exceed $200. There is no statute in conflict therewith. The justice court, and the court of common pleas on appeal, clearly had jurisdiction of the subject matter.

The judgment is affirmed.

OSBORN, HURST, DAVISON, and NEFF, JJ., concur.