## PANTHER v. PANTHER.

No. 30614. June 2, 1942.

*126 P. 2d 528.*

J. F. Murray, of Ponca City, and D. B. Horsley, of Pawhuska, for plaintiff in error.

McCoy, Craig & Pearson, of Pawhuska, for defendant in error.

OSBORN, J. This is an appeal from the district court of Osage county prosecuted by Clark Panther, hereinafter referred to as plaintiff, from an order vacating a decree of divorce theretofore rendered in said court in favor of plaintiff against Louise M. Panther, hereinafter referred to as defendant. The service upon defendant was by publication and a default decree was entered after defendant failed to appear and defend the action. The sole question involved in this appeal relates to the validity of the service by publication.

Plaintiff's petition was filed on December 16, 1939. On the same date there was filed an affidavit to obtain service by publication, and publication notice was issued by the court clerk and dated December 16, 1939. On December 26, 1939, an affidavit of mailing the petition and notice was filed. Therein it was stated that on said date a notice and copy of the petition was mailed to defendant at Gary, Ind. It appears that said notice and copy of the petition did not reach the defendant and was returned to plaintiff.

On February 5, 1940, a decree of divorce was entered wherein it was found that "the defendant though having been duly summoned by publication notice in the manner (and) for the length of time prescribed by the laws of the state, by publication in the Osage Journal, as shown by proof of publication on file herein, came not, but made default, and has failed to plead or answer herein, and the court finds and adjudges the defendant to be in default."

On May 23, 1941, defendant filed a special appearance and motion to quash and set aside the publication service for the reason that the same was not issued and published as required by law and was insufficient to confer jurisdiction upon the court. It was alleged that said attempted service and all proceedings thereafter were void. A notice of filing and hearing of the motion was duly served upon the plaintiff as shown by the sheriff's return.

On July 2, 1941, the motion was heard and the court ordered "that said motion be, and it is hereby sustained and the attempted service upon the defendant herein be, and it is hereby, set aside, vacated and held for naught and the purported divorce decree entered herein on February 5, 1940, be, and it is hereby set aside, vacated and held for naught."

It is apparent that the trial court thought the service by publication was so defective that the court was without jurisdiction of the person of the defendant therein, and it thereupon "set aside, vacated and held for naught" the service of process, and vacated the decree predicated thereon. But after judgment, such motion will not lie, since the primary relief that can be granted is the vacation of the judgment either on jurisdictional grounds or for irregularity in the proceedings. Dannenburg v. Powers, 182 Okla. 404, 77 P. 2d 1142. We do not think we are justified in treating the motion herein as a motion to vacate the judgment either under the third subdivision of 12 O. S. 1941 § 1031, or on the ground that the judgment was void on its face. The movant had the right to choose her procedure. The court

should have refused to entertain the motion.

Reversed.

WELCH, C. J., CORN, V. C. J., and RILEY, BAYLESS, GIBSON, DAVISON, and ARNOLD, JJ., concur. HURST, J., absent.